## MOORE & GLEASON et al. v. TAYLOR et al.

No. 14597—Opinion Filed Feb. 12, 1924.

### 1. Master and Servant—Workmen's Compensation Law—Finality of Decision Below on Facts.

By the provisions of section 10, art. 2, of Workmen's Compensation Law as amended by section 10, ch. 14, Laws 1919, being section 7294, Comp Stat. 1921, the decision of the State Industrial Commission is made final as to all questions of fact; and except as provided by section 7297, Comp. Stat. 1921, as to all questions of law, but this is only when there is some evidence to support such decision and where there is absolutely no evidence to support such finding and decision, the same may be reviewed as a matter of law.

### 2. Same—Relation of Employer and Employe Contractual.

The relation of employer and employe is contractual. Like every other contractual relation, it is a product of the meeting of the minds of the contracting parties. To create the relation of employer and employe there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant.

### 3. Same—Workmen's Compensation— Burden of Proof on Claimant.

Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto, he should be held to strict proof that he is in a class embraced within the provisions of the law and nothing can be presumed or inferred in this respect.

### 4. Same—"Independent Contractor."

An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own method; and without being subject to control of his employer except as to the result of the work.

### 5. Same—Claimant Must be Employe.

Compensation is payable only when the claimant is an employe within the law as provided by section 1, ch. 14, Sess. Laws 1919, being section 7283, Comp. Stat. 1921.

### 6. Same—Insufficiency of Evidence.

The evidence examnied in this case, and held, that there is no evidence to support the award.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from State Industrial Commission.

Proceeding by J. M. Taylor to recover for injuries alleged to have been sustained while in the employ of Moore & Gleason, a copartnership. From a judgment of the State Industrial Commission awarding compensation, petitioners appeal. Reversed and remanded.

Lydick & Wilson and Con Murphy, Jr., for petitioners.

Geo. F. Short. Atty. Gen., Baxter Taylor, Asst. Atty. Gen., and T. H. Ottesen, for respondents.

Opinion by JONES, C. This is an appeal from an order of the State Industrial Commission wherein J. M. Taylor, respondent herein, was awarded the sum of $94.60 for injuries received and medical bills incurred while, as he alleges, he was in the employ of Moore and Gleason, petitioners herein. The only controversy which appears from the record is that of whether or not J. M. Taylor was an employe of Moore and Gleason, or of M. J. Beal. The commission found him to be an employe of Moore and Gleason and awarded damages on that theory. The facts are, as we gather them from the record, that Moore and Gleason were engaged in drilling oil wells and were in that business near Okemah, Okfuskee county, Okla., and were desirous of moving a boiler and some casing and other oil well supplies from the field to the town of Okemah, where same were to be loaded on cars preparatory to shipment. Gleason, one of the members of the firm, in company with Mr. Smith, one of their employes, called on Mr. Beal, the owner of a number of teams, and employed him to move the property above mentioned, from the location in the field, where same had been in use, to the town of Okemah and to load same on the car.

Beal was a teamster and apparently engaged in that business and having agreed or accepted employment whereby he was to move

the boiler and certain casing, and pursuant to such employment or agreement, he sent four of his teams to the field on one day and five teams the next day and while counsel attempts to make the point that Taylor, respondent herein, was employed by, and the employe of Moore and Gleason, the facts as we understand them are simply this, that Beal employed Taylor to drive one of his teams at an agreed price of $3 per day, and that he paid him $3 per day for his services, and while there is no express declaration shown by the evidence as to who directed him as to what his duties would be, to wit, that he drive one of the teams and perform such services as might be incidental thereto, such as loading and unloading the wagons, there is nothing in the record indicating that Moore and Gleason or any one acting for them directed him in this particular and evidently he was acting under Beal's direction.

The record further discloses that while Taylor was so engaged in loading the wagon and when tightening the chain on the load, booming it down, as expressed by the witness, his team started up, causing the wagon wheel to pass over his foot, which resulted in the injuries complained of.

Respondents cite numerous authorities in support of their contention that Beal was not an independent contractor and that he was merely a fellow employe or fellow servant of Taylor and that all of the workmen and drivers of the teams were employes of Moore and Gleason. This raises, as we understand it, purely a question of law, if the contention is in fact correct and would clearly place the liability upon Moore and Gleason, but from the facts as we understand them, we are unable to agree with this contention; the facts as presented by the record appeal to us as very simple and primary. Gleason, one of the firm of Moore and Gleason, employed Beal, a teamster, to move certain oil well supplies and agreed to pay Beal $8 per day for each team. Beal engaged the services of Taylor, together with seven or eight other men as drivers and helpers in moving the supplies, employed him, directed him as to the nature of the services and the duty which he was to perform, agreed with him upon the price he was to receive per day and paid the same. The evidence also discloses that Moore and Gleason agreed to and did pay Beal $8 per day for each team, and while there was no express agreement one way or the other, the facts are that this included a wagon and driver with each team so to our mind this clearly constitutes the employment of Taylor

by Beal on his own behalf, and not for or under the direction of Moore and Gleason.

Petitioners take the position that Beal was an independent contractor and that Taylor was an employe of Beal's and not of Moore and Gleason and in support of their contention cite excerpts from the testimony of respondent Taylor wherein he states that he was employed by Beal, that he was not personally acquainted with either Moore or Gleason, and substantially sustains the contention of petitioners so far as the facts are concerned. Petitioners call attenion to the case of Hogan v. Commissioners, 86 Okla. 161, 207 Pac. 303, wherein that court said:

"The relation of employer and employe is contractual. Like every other contractual relation, it is the product of the meeting of the minds"

—and cite Western Union Tel. Co. v. Northcutt, 158 Ala. 539; 18 R. C. L. 490.

"To create the relation of employer and employe there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant. 18 R. C. L. 493. It is essential to the existence of every contract of employment that it be definite and certain as to parties."

All of these authorities and principles are cited and discussed in the case of Hogan v. Commissioners, supra. They also cite the case of Harris v. Oklahoma Natural Gas Co., which is a recent opinion found in 91 Okla. 39, 216 Pac. 116, wherein the court said:

"Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to strict proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect."

Petitioners also cite the case of Producers Lumber Co. v. Butler, 87 Okla. 172, 209 Pac. 739, and C., R. I. & P. Ry. Co. v. Bond, 47 Okla. 161, 148 Pac. 183, and other authorities passing on this question, but we deem the authorities specially referred to in the opinion are sufficient, and we think controlling in this case. The facts as established by the evidence clearly fail to show any contract of employment between the respondent and petitioners or any facts from which employment might be inferred, but on the other hand clearly show employment by Beal of the respondent, Taylor, and we are therefore constrained to reverse the award heretofore made by the State Industrial Commission and recommend that said case

be remanded to the commissioners for further disposition in conformity to this opinion.

By the Court: It is so ordered.