**HAMILTON et al. v. RANDALL.**

No. 19148.   Opinion Filed Nov. 27, 1928.

Rehearing Denied April 30, 1929.

Burford, Miley, Hoffman & Burford, and A. J. Follens, for petitioners.

C. W. King, Edwin Dabney, Atty. Gen., and R. G. Thompson, Asst. Atty. Gen., for respondent.

HEFNER, J.   Hugh A. Randall, the respondent herein, filed with the State Industrial Commission a claim for compensation against Luther Hamilton and the Southern Surety Company for an injury occurring on October 9, 1927. The claimant states the facts in his own testimony, and a portion of his statement is as follows:

"I went to work for Mr. Hamilton, Luther Hamilton, at Pauls Valley, on Friday following this accident.   We worked the first day on setting concrete forms in the city of Britton; the next day we run a concrete mixer; I was assigned this concrete mixer by Mr. Hamilton; that was on Saturday. I believe Saturday. I believe we still worked on setting forms on Saturday. On Monday we were assigned to the concrete mixer; in these forms that we set during Monday night we had a terrible rain, the concrete was clean and we had run all the concrete. I reported back about 8:30 Tuesday morning.   With the balance of his men we sat around to see if there was any work."

Claimant also stated there was a small piece of curb which had settled and cracked, and at Hamilton's request he got a little cement and repaired it.   He then went to the lumber yard and returned the unused cement and there heard Hamilton asking about some steel.   Claimant stated he had some steel at home which he would be glad to give to Hamilton.   Hamilton assented to this and stated he would go get it.   Randall called his attention to the fact that mud chains would be needed and stated he would go home, eat his dinner, and bring the steel back.   He went home, brought the steel back in his own car, unloaded it and went across to street and got a bottle of Coca Cola. He returned and cranked his own Ford car. The mud chain flew off and struck him in the face causing the injury in question.

No paving was done on that day on account of the rain the night before.   The little repair job the claimant did in the morning took about one and a half hours, and in reference to whether or not the claimant was paid for that time, his testimony was as follows:

"Q.   Did you turn in your time then— you never put in a claim for that time? A. No, sir."

In reference to the steel the claimant testified as follows:

"Q. You already testified you gave him the steel? A. Yes, sir."

In reference to whether or not work was:

being done on the day the accident happened, Luther Hamilton, the employer, testified as follows:

"Q. State if you were working or carrying on work on August 9th, the date when Mr. Randall alleges that he was injured? A. No, sir."

The State Industrial Commission made an award in favor of the claimant, and this is an original action to review the same.

Was the claimant at the time of his injury an employee within the meaning of the Workmen's Compensation Act? The evidence clearly shows that Hamilton, the petitioner, had been employing a number of men on a paving job at Britton and work was done on Monday. A heavy rain fell Monday night. The workmen assembled Tuesday morning and on account of the rain, work was suspended for the day. In fact no work was done on Tuesday, the day of the accident, except the little patch job that was done by the petitioner and the claimant, which took one and a half hours of the claimant's time Tuesday morning. The employees were paid, not by the day nor month, but by the hour. The claimant lived in the country a short distance from Britton. On Tuesday morning he drove his car into Britton and brought with him some milk which he delivered to one of his customers. When he learned that Hamilton, the petitioner, wanted some steel bars, he offered to give them to Hamilton and stated he would bring the steel in with him when he came back to Britton after he had eaten his lunch. He went home for lunch and brought the steel back with him. After unloading the steel, he went across the street and purchased a bottle of Coca Cola and returned to his car. The left rear wheel was jacked up. He started the motor of the car by cranking and was in the act of pulling on the emergency brake when the mud chain flew off the rear wheel and struck him on the arm and face causing the injury. The claimant testified that he never put in a claim for the time. (Rec. page 40.)

In Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 Pac. 116, this court said:

"Workmen's Compensation Acts are remedial in character, and should receive a liberal construction in order to effectuate their purposes and objects, but they should not be amended by judicial construction upon an attentuated theory of inclusion. Persons entitled to the benefits of the act should be favored by a liberal interpretation of its provisions, but for this very reason they should be held to strict proof of their title as beneficiaries."

The Harris Case, supra, followed the case of Hogan v. Industrial Commission, 86 Okla. 161, 207 Pac. 303. In the Hogan Case a farmer was at a cotton gin with a load of cotton when the gin became clogged. The superintendent of the gin requested the farmer to assist in getting the gin started. The farmer did so, and in the effort was injured. The Industrial Commission awarded compensation to the claimant, and upon review by this court, the rule was announced as follows:

"Compensation is payable only where the claimant is an employee under the quoted provisions, and the Commission erred in concluding that the claimant was such employee."

The Hogan Case, supra, quotes from the case of Hillestad v. Industrial Insurance Commission (Wash.) 141 Pac. 913. In that case a boy applied for a job at a shingle mill as a packer. He was told by the superintendent that there was no such position then open, but there were some shingle bolts to drive on the creek and that he could drive them until the packer got through and then he could have the packing job. There was nothing mentioned as to compensation, but there was a uniform wage scale paid by the local shingle mills which was generally known. The boy was drowned while driving shingle bolts on the creek and his parents brought a claim against the shingle mill under the Workmen's Compensation Act. Under a statute almost identical with ours, the Supreme Court of Washington held the accident was not compensable and announced the rule as follows:

"The law in its tenor and terms contemplates that the relation between employer and employee shall possess some element of certainty. It implies, if indeed it does not literally provide, that there shall be an actual contractual relation between the parties. That is, an agreement to labor for an agreed wage or compensation. The tax put upon an industry is determined by the pay roll."

The evidence in the case at bar clearly shows there was no agreement to pay Randall compensation for bringing the steel from his home in the country into Britton. He did it voluntarily without any agreement for compensation.

The claimant, we think, has failed to bring himself within the rules announced in the above cases and which, again, are affirmed in the case of Moore & Gleason et al. v. Taylor, 97 Okla. 193, 223 Pac. 611, wherein this court said:

"The relation of employer and employee is contractual. Like every other contractual relation, it is a product of the meeting of the minds of the contracting parties. To create the relation of employer and employee there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant. Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but, before one is entitled thereto, he should be held to strict proof that he is in a class embraced within the provisions of the law and nothing can be presumed or inferred in this respect."

To create the relation of employer and employee there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant. Our Workmen's Compensation Law should receive a liberal construction in favor of those entitled to its benefits. In the present case there was no express contract; neither were there such acts as would show unequivocally that the parties recognized one another as master and servant.

It follows that there is no evidence in the record upon which to base the conclusion that the relation of master and servant existed between the petitioner and the claimant at the time of the injury. That being true, no award can be justified under the Workmen's Compensation Act. The award made by the Industrial Commission should be vacated.

The cause is reversed and remanded, with directions to dismiss the claim.

BRANSON, C. J., MASON, V. C. J., and HARRISON and HUNT, JJ., concur.

LESTER and RILEY, JJ., dissent.