### TRAVELERS INS. CO. et al. v. BLACKBURN et al.

No. 23271. Opinion Filed Oct. 4, 1932.

Rehearing Denied Dec. 27, 1932.

Randolph, Haver, Shirk & Bridges and Wm. H. Lewis, for petitioners.

Byrne A. Bowman, for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission to review an award in favor of the claimant therein. The parties hereinafter will be referred to as petitioners and claimant.

The record discloses that the claimant, while in the employ of W. D. Taylor, a building contractor engaged in the performance of a contract with one H. A. Kirkland, fell from a scaffold and received an injury to his hips and shoulders and other injuries. He filed his claim for compensation and named the petitioner Dunn Fuel & Lumber Company as the employer. Thereafter he filed an amendment to his first notice of injury and alleged that he had learned that H. A. Kirkland claimed to be the employer of the claimant and asked that H. A. Kirkland be made a party to the proceedings. Thereafter he filed a second amendment to his notice of injury and asked that W. D. Taylor be made a party to the proceedings, and that the State Industrial Commission determine who was the employer of the claimant. The petitioner

and its insurance carrier each filed a separate answer denying all liability. H. A. Kirkland filed his answer denying that he was in business classified under sections 7283 and 7284, C. O. S. 1921, and denying that the claimant was in his employ at the time of the injury, but alleging that he was in the employ of W. D. Taylor, an independent contractor.

After a hearing was had, the State Industrial Commission found that W. D. Taylor, the contractor, was primarily liable and that the petitioners were secondarily liable. No reference therein was made to H. A. Kirkland.

The petitioner Dunn Fuel & Lumber Company contends that there is no evidence to sustain the finding of the Commission that the petitioner is secondarily liable to the claimant.

It contends that Taylor is primarily liable and that Kirkland is secondarily liable.

Before the claimant can recover compensation from the petitioner, it is necessary for him to show that he was an employee of the contractor, Taylor; that Taylor carried no compensation insurance, and that the petitioner was the principal employer.

In Hamilton v. Randall, 136 Okla. 170, 276 P. 705, this court held:

"The relation of employer and employee is contractual. Like every other contractual relation, it is a product of the meeting of the minds of the contracting parties. To create the relation of employer and employee there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant. Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto, he should be held to strict proof that he is in a class embraced within the provisions of the law and nothing can be presumed or inferred in this respect. (Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611.)"

See, also, Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 P. 116. In El Reno Broom Co. v. Roberts, 138 Okla. 235, 281 P. 273, this court said:

"However, even though awards of the Industrial Commission have been and will be sustained upon very slight evidence, it is essential that the claimant be an employee of the respondent within the meaning of the Compensation Act at the time of the injury, and as to whether or not the facts as disclosed by the record establish the existence of the relation of employer and employee within the meaning of the Compensation Law, is one of law for the court."

The record discloses no evidence tending to prove any contractual obligation, agreement, or understanding between the petitioner and Taylor as to the construction of the house, in the construction of which the claimant was injured. The fact that Kirkland was one of the officers of the petitioner corporation in no wise tends to prove that the corporation was engaged in the construction of the house, and the evidence clearly shows that the house was being constructed by Taylor for Kirkland.

For the reason stated, the award is vacated.

RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

---

### On Petition for Rehearing.

KORNEGAY, J. (dissenting). An opinion was handed down in this case on the 4th of October, 1932, vacating the award of the Industrial Commission, which awarded compensation to the claimant, W. K. Blackburn. The finding of the Commission in the case is as follows:

"Now on this 16th day of December, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to hearings held at Oklahoma City, Okla., on October 6, 1931, and on November 3, 1931, before Inspector William Noble, duly assigned to hear said cause, to determine liability and extent of disability, at which hearings the claimant appeared in person and by his attorney, Byrne A. Bowman, and the respondents appeared by W. H. Lewis and B. C. Davidson, and the Commission after reviewing the testimony taken at said hearings and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"1. That on the 12th day of August, 1931, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury, arising out of and in the course of his employment, consisting of injuries to his hips, shoulders, legs and neck and some cuts on hands.

"2. That the average daily wage of the claimant at the time of said accidental injury was $6.75 per day.

"3. That W. D. Taylor, contractor, is primarily liable, and the Dunn Fuel & Lum-

ber Company and the Travelers Insurance Company are secondarily liable.

"4. That by reason of said accidental injury, claimant has been temporarily totally disabled, and is so now disabled from the performance of ordinary manual labor.

"Upon Consideration of the Foregoing Facts: The Commission is of the opinion that the claimant is entitled to compensation at the rate of $18 per week, for a period not to exceed 300 weeks, from August 12, 1931, less the five-day waiting period, subject to reconsideration of the degree of such impairment, by the Commission on its own motion, or upon the application of any party in interest; that there is now due the claimant the sum of $306 as compensation computed from August 12, 1931, less the 5-day waiting period, to December 12, 1931, or 17 weeks at the rate of $18 per week, on account of said accidental injury.

"It is Therefore Ordered, That within 15 days from this date the respondents, or its insurance carrier, pay to the claimant the sum of $306, being 17 weeks compensation at the rate of $18 per week, computed from August 12, 1931, less the 5-day waiting period, to December 12, 1931, and to continue compensation thereafter at the rate of $18 per week until a period of 300 weeks have been paid or until otherwise ordered by the Commission.

"It Is Further Ordered, That within 30 days from this date the respondent or insurance carrier herein file with the Commission proper receipt, or other report evidencing compliance with the terms of this order."

There had been some hearings on the matter before and the testimony of the interested parties taken. It appears therefrom that the place where the party was injured was at a house being erected on lots that belonged to the corporation, Dunn Fuel & Light Company. That the stock in that was owned by a man by the name of Kirkland and a man by the name of May, who ran the business. The lots were left on the hands of the company, as a result of having sold building material, according to the evidence, and it desired to get rid of them, as they were expensive, and a project was entered into in which they proceeded to do so by building on the lots some dwelling houses.

Part of the work was let to different contractors, and, among others, carpenter work was let to a man by the name of Taylor, who agreed to do the carpenter work and to see to it that all the other contractors performed their work for $250. He took out no insurance and was on the pay roll himself, but the amount that he drew does not appear in the record. The claimant was

injured while a cornice was being put up. All checks to pay all labor were signed by the fuel company. Claimant, after being hurt, was sent by Taylor to the fuel company, who sent him to its doctor for treatment. He later presented a claim for compensation to the fuel company. The fuel company had filed with the Industrial Commission a statement, showing that they had insurance for their employees with the Travelers Insurance Company. There is some ambiguity about this coverage, as to whether they intended to cover only injuries on their yards or in other places, but apparently the coverage statement would cover injuries received in the line of work that the claimant was in. The policy itself is a blanket policy and covers employer's liability as well as laborer's compensation, subject to adjusted rates, and apparently on its face is not confined to the place of business of the fuel company.

The title to the property during the erection of the building remained at all times in the name of the fuel company, and all the funds were furnished by the fuel company for its improvement, and the material was furnished either out of material that the company dealt in or was paid for by it. Controversy arose as to whether or not Kirkland, one of the co-owners of the company, was having this done, or the company. The Commission decided that it was the company. The evidence warranted that decision. In fact it could scarcely reasonably warrant any other conclusion. There might be some doubt as to whether or not the insurance policy covered the risk, so that the company would be saved harmless by the insurance company, but the interpretation that the Commission placed upon the policy in the light of the surroundings was that it covered the injury. If the writer were to draw his own conclusion from this evidence, his conclusion would be that it would cover it and that it was so shown by the evidence.

As to the liability of the Dunn Fuel & Light Company, it appears reasonable to say that the liability is absolute, and that had the Commission found anything else, they would not have been warranted by the evidence in so doing.

As to the liability of Taylor, the one held primarily liable by the Commission, there is doubt, under the evidence, as to whether he was a contractor at all. From some statements that he made while being examined, one might infer that he was a contractor. A reading of the evidence is convincing that, so far as the fuel and lumber company is concerned, as incidental to dis-

posing of the property it acquired in the course of its dealings, it was putting up these houses, in the erection of one of which the accident occurred. That the title to the property was in its name at the time, there can be no doubt of. The persons that owned the company were May and Kirkland. The presumption is that having been in the business so long, they were thoroughly familiar with the Workmen's Compensation Law of the state of Oklahoma, and the amendments thereto, arising out of the defects that were in it to start with, and that as to the law as written by the original statute in 1915, with the changes inserted therein later, as embodied in the 1931 statutes, they should have been thoroughly familiar with it. Section 13351, O. S. 1931, appears to be applicable to this case, which is as follows:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employee to bring about injury to himself or of another, or where the injury results directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner, or results directly from the intoxication of the injured employee while on duty; provided, that the provisions of this act shall not apply to any employer if he shall employ less than two workmen; and provided, further, that the liability of any person, firm, or corporation having an interest in the subject-matter, employers and contracting employers, general or intermediate, for compensation under this act, when other than the immediate employer of the injured employee, shall be as follows:

"1. In the absence of provisions to the contrary in any contract with an independent contractor, such independent contractor shall be conclusively presumed to have agreed, as a part of the terms of the contract, that he will comply with the Workmen's Compensation Laws of this state, and in case of a failure to do so, the person procuring such work to be done by independent contractors, may declare such failure a substantial violation of the contract, and terminate the same at his or their option. All unpaid balances due under such contract, or so much thereof as may be reasonably necessary, may be retained as indemnity against compensation claims under the Workmen's Compensation Act of this state. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees. Provided, however, that for the purposes of this act, a lessor or sublessor shall be deemed not to be one having an interest in the subject-matter, the principal employer, contracting employer, general, intermediate, or immediate, independent contractor or intermediate contractor, of the lessee or of any subsequent sublessee, or of the employees of the lessee or of any subsequent lessee, including the employees of the subcontractors of the lessee or of any subsequent sublessee.

"2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all of such persons in one proceeding. If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this state, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this act by his independent contractor, then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. If it appears in such proceeding that the principal employer is liable for compensation under the terms of this act, and the subcontractors of the independent contractor and their sureties are also liable, then judgment or order shall be issued against all of such parties and execution may be issued therefor, but such execution shall first be enforced against those found liable other than the principal employer and will be enforced as against the principal employer only for the residue of such claim after exhausting the execution against others liable therefor. Payment of the compensation found due by any of the persons liable therefor, shall be complete satisfaction of the claim as to other parties, but any person secondarily liable for such compensation shall have a cause of action against the person primarily liable for the recovery of any payment made on account thereof."

Tested by that statute, it appears that in this case the fuel company is liable, and that the Commission was within its rights in so finding and in finding that the Travelers Insurance Company was liable as an insurer. It further appears that if Taylor was a contractor, as found by the Commission, and as contended for by the present

parties, the liability that is here fixed by the Commission is correct.

In the various briefs and counter briefs that are found here, a great many quotations are taken from cases, some of which, as applied to the facts surrounding, were applicable, and some of which are not applicable to the facts here. Under ordinary conditions, on admitted facts, this court can pronounce the law for the guidance of the Commission and declare that the Commission has erred in matter of law. On disputed facts, however, if there be competent evidence reasonably tending to support the findings, this court cannot interfere, and perhaps the rule, as above stated, is a little broader than most of the cases declare, in the light of the statute forbidding this court's disturbing the findings of fact of the Commission.

I do not believe that the opinion, as rendered by this court, should be allowed to stand, in the light of what the record shows. I think, therefore, that a rehearing should be granted in this case, and the Industrial Commission's decision should be allowed to stand.

Note.—See under (1) annotation in L. R. A. 1916A, 246; L. R. A. 1917D, 188; 28 R. C. L. 760, 827; R. C. L. Perm. Supp. p. 6202; R. C. L. Pocket Part, title "Workmen's Compensation, § 55.