## ROACH v. J. S. BRYAN & SONS CORPORATION et al.

No. 28583.  Dec. 6, 1938.

Rehearing Denied Jan. 17, 1939.

Hamilton & Clendinning, for petitioner.

T. A. Aggas and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as they appear in the Supreme Court. The petitioner alleges that on the 19th day of August, 1937, he sustained an accidental injury while employed by the respondent. The petitioner was at the time of the accidental injury engaged in placing up advertising signs and had been working for about four hours when he sustained the accidental injury in question.

The sole question is whether the respondent wholesale firm hired the petitioner or whether he was engaged in an enterprise at the behest of Paul Williams, a salesman in charge of the advertising.

We are of the opinion the order of the State Industrial Commission should be affirmed. The petitioner testified that Paul Williams, a salesman in charge of the advertising, ran across him on the street and asked him to do the work that he was doing at the time of the injury; that he afterwards went to John Bush, office manager of the respondent, who told him he would have to see Williams; that he attempted to see Williams on a number of occasions thereafter, but was unable to do so. Paul Williams testified that he had no authority to hire anyone without first taking the matter up with the office manager, Mr. Bush or Mr. Bryan; that he did not take the matter of hiring of petitioner up with the office. John Bush, manager of the respondent, testified that Williams did not discuss the hiring of the petitioner and had no authority to hire the petitioner or anyone unless he discussed the matter with Bush or with Bryan; that these were the only persons having authority to hire or to authorize said Williams to hire anyone. There is no evidence that Williams had any authority to hire the petitioner under the state of the record, nor can an inference be drawn of such authority from the fact that Paul Williams hired the petitioner, in view of the statement of Williams and Bush. Our independent judgment corresponds with the finding of the State Industrial Commission that the petitioner was not employed by the respondent. The case therefore comes within the rule announced by this court in Campbell Oil Co. v. Elledge, 177 Okla. 601, 61 P.2d 223; Sartin v. State Ind. Comm., 183 Okla. 268, 81 P.2d 306; Travelers Ins. Co. v. Blackburn, 161 Okla. 140, 17 P.2d 467; Hamilton v. Randall, 136 Okla. 170, 276 P. 705, which announce the rule that it is a prerequisite that the relation of master and servant exist before the State Industrial Commission is authorized to enter an award under the Workmen's Compensation Law. In Hamilton v. Randall, supra, it is said:

"The relation of employer and employee is contractual. Like every other contractual relation, it is a product of the meeting of the minds of the contracting parties. To create the relation of employer and employee there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant. Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto, he should be held to strict proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect. Moore & Gleason et al. v. Taylor, 97 Okla. 193, 223 P. 611."

The order denying the award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur. GIBSON and DAVISON, JJ., absent. DANNER, J., not participating.