COOK PAINT & VARNISH CO. et al. v. MURRAY et al.

No. 32979. June 7, 1949.
Rehearing Denied July 19, 1949.

*207 P. 2d 914.*

Edgar Fenton, of Oklahoma City, for petitioners.

James Duley, John R. Miller, and Earl Goad, all of Oklahoma City, for respondents.

CORN, J. This is an original proceeding brought by Cook Paint & Varnish Company, hereinafter referred to in the singular as petitioner, and Hartford Accident & Indemnity Company, insurance carrier, to review an award made to the respondent John Murray. The proceeding was commenced before a single commissioner who entered an order holding that the independent contractor, Ray Paramore, was liable under the Workmen's Compensation Law, 85 O. S. 1941 §1 et seq., but released the petitioner from any liability. Ray Paramore, the contractor, commenced a proceeding to review the award made against him in favor of respondent, and on appeal to the entire commission, the order was modified and the contractor and employer of respondent was made primarily liable and the petitioner was made secondarily liable under the provisions of 85 O. S. 1941 §11, for the reason that Paramore did not comply with the Workmen's Compensation Law as to coverage of his employees.

The cause and extent of the disability is not involved in the legal questions presented, and therefore it will be unnecessary to review the fact situation involving the injury other than to state that respondent sustained his injury when he fell from a dwelling during his employment with Ray Paramore.

One of the contentions of the petitioner is that the finding of the commission that it made a contract with Hartman to paint his house at which the accident occurred and sublet said contract to Ray Paramore, and is therefore secondarily liable for the compensation, is not supported by any competent evidence.

Mr. Hartman testified that he had talked with a Mr. Gray, a salesman for the petitioner, about having someone paint the roof of his house, and was informed by him that he had a man who would do the job for an agreed amount. Mr. Paramore went with Mr. Gray to the Hartman residence one day when he (Hartman) was not at home, checked the work and fixed the price for the paint job. When Hartman was later informed of the amount of the bid by Mr. Gray, he replied, "send that fellow out."

This transaction occurred in the latter part of June, and Mr. Hartman immediately informed Mr. Gray that the wrong color of paint or stain was used on the roof, and that he was dissatisfied with the job because in spraying the roof some of the stain got on the house; and he also complained to other employees of the petitioner and was referred to Mr. Paramore. Mr. Hartman testified that following this conversation:

"I got hold of Mr. Paramore and he came out on Sunday afternoon and we discussed the situation, and I made an agreement with him that I would put up part of the money to paint the house, if he would do the job, including the roof, without charges, and I would go half on painting the house."

The original work of painting or spraying the roof was in the latter part of June. It was during the repaint job on July 11, 1944, that the accident occurred. The testimony of Mr. Hartman and Mr. Paramore, the two witnesses

who testified regarding the agreement, shows that the petitioner merely supplied the materials; that it had no other interest in the work being performed, and did not profit in any manner from the work, except through the sale of materials.

There is no evidence as to the authority or apparent authority of Mr. Gray to make a contract which would be binding on the petitioner to paint the Hartman residence for a lump sum, nor do we find any competent evidence tending to establish such a contract.

As to the paint job of July 11th, when the accident occurred, the evidence shows the contract was by and between Hartman and Paramore.

Award vacated.

ARNOLD, V. C. J., and GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. DAVISON, C. J., and WELCH and JOHNSON, JJ., dissent.

DAVISON, C. J. (dissenting). The award is vacated by the majority opinion for the reason, as stated, "that there is no competent evidence to support the award." I am unable to agree with this conclusion.

In my opinion there was competent evidence to support the award.

The evidence discloses that the petitioner had in its employ a salesman named Gray; that Gray contacted Hartman for the purpose of selling him the paint to paint the roof of his dwelling and stated that he had a man who would paint the roof. That Hartman knew that Gray was a salesman for the petitioner and that Gray informed Hartman that the roofing job would cost him $50 to $55; that Paramore was sent to Hartman's house to do the work; that Hartman did not know Paramore and had never talked to him until after the roof was first painted. The roof was painted while Hartman was away from the house. The roof was painted the wrong color. Thereupon Hartman went to the place of business of the petitioner and there talked to Gray and to the vice president of the petitioner. It was there and then agreed that Paramore would repaint the roof and that petitioner would furnish the paint free.

The evidence further disclosed that Paramore had his place of business at the offices or premises of the petitioner.

I am of the opinion that this evidence was sufficient for this court to uphold the award of the commission. I therefore respectfully dissent.