CARR et al. v. VANNOY et al.

No. 35758.   June 16, 1953.

*258 P. 2d 617.*

Fenton & Fenton, Oklahoma City, for petitioners.

Willis R. Stark, Oklahoma City, Lynn W. Norman, Sulphur, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J.   This proceeding was commenced by filing of first notice of injury and claim for compensation by claimant against R. M. Webb, employer, and the American Casualty Company, insurance carrier, by reason of an injury to the back, eye and right wrist of claimant.   After the proceeding had been commenced R. M. Webb filed a motion to make Elmer Carr, doing business as Sulphur Builders Supply, a party to the proceeding and after testimony had been commenced the trial commissioner entered an order directing that Elmer Carr, doing business as Sulphur Builders Supply, and his insurance carrier, Hartford Accident & Indemnity Company, be made parties. At the conclusion of the hearings an award was entered in favor of claimant against Elmer Carr, doing business as Sulphur Builders Supply, and the Hartford Accident & Indemnity Company, his insurance carrier, and this proceeding is brought by the latter as petitioners to review the award.

The cause and extent of the disability is not disputed in this proceeding. The single issue presented by petitioners is that there is no evidence to sustain the finding that claimant was the employee of the Sulphur Builders Supply, or Elmer Carr, the owner.

Claimant testified that he lived at Sulphur, Oklahoma, was 47 years of age and a carpenter by trade; that on Thursday, March 28, 1951, he was notified by Aubrey Howeth, an employee of Sulphur Builders Supply, that R. M. Webb wanted a carpenter; that on the same afternoon he visited Webb at his place of business and discussed the building of a shed for a wash rack in a filling station Webb had leased to another person; that thereafter, on Friday, he and Frank Mitchell started building the shed and worked until Monday, April 2, 1951, when claimant fell from the top of the shed and sustained serious injuries which are not questioned in this proceeding. The testimony further reveals that claimant quit work because of his injuries and Frank Mitchell obtained the services of Olen Sartan and the shed was completed. It is developed from the evidence and undisputed that it was the custom of carpenters to stay at the premises of the Sulphur Builders Supply, a lumber yard owned and operated by Elmer Carr, and wait for jobs of customers of the establishment and that this was the reason claimant and Frank Mitchell were at the premises on the day he was called to the establishment of R. M. Webb. Both Frank Mitchell and claimant testified they were not employed by Sulphur Builders Supply. Elmer Carr was not present at the place of business when Webb called for a carpenter but was home sick. Elmer Carr testified that claimant was not employed by him and that it had been over a year since claimant had been in his employ. R. M. Webb testified that on a number of occasions over a number of years he had called the Sulphur Builders Supply for carpenters and that on Thursday, March 28, 1951,

he called and asked for Carr and was told that he was ill, and talked to his daughter. Otherwise, there is no substantial conflict in the testimony of R. M. Webb and the other witnesses referred to above.

Petitioners insist that the trial commissioner erred in holding that the relationship of employer and employee existed. We agree. The relationship of employer and employee can only be created by contract express and implied. Cook Paint & Varnish Co. v. Murray, 201 Okla. 650, 207 P. 2d 914; Hamilton v. Randall, 136 Okla. 170, 276 P. 705; Campbell Oil Co. v. Elledge, 177 Okla. 601, 61 P. 2d 223; Denton v. Young, 203 Okla. 688, 226 P. 2d 406; Roach v. J. S. Bryan & Sons Corporation, 184 Okla. 211, 86 P. 2d 304; Snetcher & Pittman v. Talley, 168 Okla. 280, 32 P. 2d 883.

These cases emphasize the principle that the evidence must disclose the relationship of employer and employee between the claimant and the one he seeks to hold. The only relationship created by agreement implied or expressed between the claimant and any other party was with R. M. Webb. The testimony of Elmer Carr, claimant, and Mitchell disclosed beyond dispute that there was no relationship of employer and employee between claimant and Elmer Carr, owner and operator of Sulphur Builders Supply. In Hamilton v. Randall, supra, it is said:

"The relation of employer and employee is contractual. Like every other contractual relation, it is a product of the meeting of the minds of the contracting parties. To create the relation of employer and employee there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant. Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits; but before one is entitled thereto, he should be held to strict proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in

this respect. (Moore & Gleason et al. v. Taylor, 97 Okla. 193, 223 P. 611.)"

We are convinced that the State Industrial Commission erred in holding that the relationship of employer and employee existed between the claimant and Sulphur Builders Supply or its owner.

Award vacated.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, DAVISON, O'NEAL, and WILLIAMS, JJ., concur.