SULLIVAN–ANDERSON WELL SERVICING COMPANY et al., Petitioners,

v.

Lillian O. SULLIVAN et al., Respondents.

SULLIVAN–ANDERSON WELL SERVICING COMPANY et al., Petitioners,

v.

James W. Bill BERRY, Guardian of Mrs. Corine Chandler, et al., Respondents.

SULLIVAN–ANDERSON WELL SERVICING COMPANY et al., Petitioners,

v.

Bennie BRILL, Guardian et al., Respondents.

Nos. 37468–37470.

Supreme Court of Oklahoma.

April 30, 1957.

Rehearing Denied June 11, 1957.

Application for Leave to File Second Petition for Rehearing Denied July 9, 1957.

Butler, Rinehart & Morrison, Oklahoma City, for petitioners.

Lee B. Thompson, Oklahoma City, for respondents Lillian O. Sullivan.

O. B. Martin, Oklahoma City, for respondent Bennie Brill, Guardian, et al.

Fermon Hatcher, Bill Wilson, Pauls Valley, for respondent James W. Bill Berry, Guardian, et al. of Corine Chandler King et al.

Looney, Watts, Looney & Nichols, Oklahoma City, for respondents Bennie Brill, Guardian, et al.

Mac Q. Williamson, Atty. Gen., for other respondents.

DAVISON, Justice.

This proceeding was commenced by the filing of three claims under the death benefit provision of 85 O.S.1951 § 1 et seq. The claims were filed by the respective widows of Russell G. Sullivan, William Glenn Chandler and Harold E. Brill. Awards were entered individually in favor of claimants and dependants, if any, and against the Sullivan-Anderson Well Servicing Company and its insurance carrier, Consolidated Underwriters, in the Maximum amount of $13,500 for each claimant.

The employer and the insurance carrier, hereinafter called petitioners have brought this proceeding to review the award.

The record discloses that on October 15, 1955, Russell G. Sullivan, William Glenn Chandler and Harold E. Brill each sustained an accidental injury resulting in death while employed in shooting a well for Kenneth A. Ellison Drilling Company. Russell G. Sullivan was the head of the Sullivan Torpedo Company, a corporation, organized in 1951. Sullivan owned one-half of the stock in the corporation so styled and Duke Anderson owned the other half. In 1954 Russell G. Sullivan and

Duke Anderson organized a corporation known as the Sullivan-Anderson Well Servicing Company. Sullivan owned 49 per cent of the stock in this company and Anderson owned 51 per cent thereof. Both the Torpedo Company and the Well Servicing Company maintained and operated offices from the same location in Oklahoma City, had the same post office box, the same telephone number and the same manager. Apparently the only reason for the formation of the second company was taxation purposes.

The insurance previously carried by the Sullivan Torpedo Company with Consolidated Underwriters expired sometime in 1954 and was not renewed. On August 10, 1954, the Consolidated Underwriters furnished a certificate of insurance for the Sullivan-Anderson Well Servicing Company, showing Workmens Compensation coverage from August 4, 1954, to August 4, 1955. A part of this certificate addressed to Kenneth Ellison stated, "This corporation (Sullivan-Anderson Well Servicing Company) succeeds Sullivan Torpedo Company * * *." An identical certificate for Sullivan-Anderson Well Servicing Company was issued by Consolidated Underwriters showing Workmen's Compensation Coverage from August 4, 1955, to August 4, 1956. This policy was in force on the date of the accidental injury above referred to. Russell G. Sullivan was general manager of Sullivan-Anderson Well Servicing Company and the testimony is to the effect that Anderson took no part therein but furnished the finances therefor. Brill and Chandler were both employed by Sullivan-Anderson Well Servicing Company. They were carried on the payroll of this company. They had never been employed by the Sullivan Torpedo Company. A witness who kept the books for both the Sullivan Torpedo Company and Sullivan-Anderson Well Servicing Company testified that Sullivan Torpedo Company had no employees.

At the conclusion of the testimony the trial commissioner entered an award against Sullivan-Torpedo Company, found that it carried no insurance, and entered a primary award against Sullivan Torpedo Company and declared Kenneth A. Ellison Drilling Company secondarily liable under the provisions of the Workmen's Compensation Law. 85 O.S.1951 § 11. On appeal to the Commission en banc the State Industrial Commission vacated the award as entered by the trial commissioner and entered the award above referred to.

This appeal involves a controversy as to whether Well Servicing Company and their insurance carrier will pay the award or whether Ellison and his insurance carrier will be liable therefor.

Petitioners cite Carr v. Vannoy, 208 Okl. 653, 258 P.2d 617, 618. Therein we said:

"Petitioners insist that the trial commissioner erred in holding that the relationship of employer and employee existed. We agree. The relationship of employer and employee can only be created by contract express and implied. Cook Paint & Varnish Co. v. Murray, 201 Okl. 650, 207 P.2d 914; Hamilton v. Randall, 136 Okl. 170, 276 P. 705; Campbell Oil Co. v. Elledge, 177 Okl. 601, 61 P.2d 223; Denton v. Young, 203 Okl. 688, 226 P.2d 406; Roach v. J. S. Bryan & Sons Corporation, 184 Okl. 211, 86 P.2d 304; Snetcher & Pittman v. Talley, 168 Okl. 280, 32 P.2d 883."

In the case under consideration there is evidence to support a finding that Kenneth Ellison Drilling Company had entered into a contract with the Sullivan-Anderson Well Servicing Company through its manager Russell G. Sullivan. Loyd Hoagland, superintendent for Kenneth Ellison Drilling Company testified that he called Sullivan and asked him to shoot a well. It is uncontradicted that Sullivan, Chandler and Brill all appeared at the well and were in the process of shooting the well when the accidental injury resulting in death occurred.

Petitioners also cite Shell Petroleum Corp. v. Rockland Oil Co., 154 Okl. 207, 7,

P.2d 451, where the claimant was working for both companies and it was claimed that both companies should share the liability because there was evidence that claimant was injured while employed in the power-house, a liability shared by both employers. The court found to the contrary. In the case under consideration the evidence is that two of the employees had never been employed by the Sullivan Torpedo Company but had at all times been on the payroll of Sullivan-Anderson Well Servicing Company.

The evidence further discloses that the Kenneth Ellison Drilling Company asked for and obtained letters from the agent of the insurer Consolidated Underwriters, stating that Sullivan-Anderson Well Servicing Company was covered by insurance and Ellison Drilling Company argues that the insurer of such company is estopped to deny its liability. We think it unnecessary to determine this question. When all of the facts and circumstances are analyzed and weighed we think the evidence sufficient to show that Sullivan, the manager of the Sullivan-Anderson Well Servicing Company and the other two employees, Chandler and Brill were at the wells as the employees of Sullivan-Anderson Well Servicing Company.

In a final proposition petitioners argue that an award was entered by the trial commissioner against the Sullivan Torpedo Company and that the Sullivan Torpedo Company took no appeal from this order to the Commission en banc. It argues therefore that the award is final as to the Sullivan Torpedo Company and cannot be changed. We do not agree. Petitioners admit that they cite no case presenting this question. We are of the opinion and hold that when the appeal was taken to the Commission en banc the Commission had the authority to enter such award as was warranted by the evidence. All parties to the proceeding before the trial Commission were made parties before the Commission en banc and its final order is final and binding upon all parties until changed by the Commission or this court.

The awards of the three claimants are sustained.

WELCH, C. J., CORN, V. C. J., and JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.