**Clyde A. ALLEN, Petitioner,**

v.

**OKLAHOMA TURNPIKE AUTHORITY,
Commercial Standard Insurance Company,
and State Industrial Court, Respondents.**

**No. 42443.**

Supreme Court of Oklahoma.

Sept. 10, 1968.

C. W. Schwoerke, Schwoerke & Schwoerke, Oklahoma City, for petitioner.

Rinehart, Morrison & Cooper, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

LAVENDER, Justice:

There is involved here for review an order of the State Industrial Court sitting en banc denying the claimant Workmen's Compensation benefits. Parties will be referred to as they appeared before the State Industrial Court.

Claimant on September 9, 1964, while working for respondent at a hazardous occupation coming within the provisions of the Oklahoma Workmen's Compensation Act sustained an accidental personal injury. He testified that while lifting guard rails he felt a sharp pain in his groin, hip, and back. He reported to his employer, "I think I have ruptured myself, I am down in my back and I can't make it."

On September 22, 1964, claimant, with the consent and approval of the respondent was operated on by Dr. Ba. for the repair of a left inguinal hernia. Respondent paid claimant the statutory fourteen weeks compensation for the hernia disability. Claimant returned to work for respondent on December 1, 1964, and worked irregularly during the year 1965. His employment was terminated on December 22, 1965.

Soon after the hernia operation, claimant developed infection in the hernia incision.

He was medically treated for the infection by various doctors during 1964, 1965, and 1966.

Claimant on December 28, 1965, filed his Form 3 and on January 3, 1966, his amended Form 3. In each of these forms claimant alleges that his injuries were sustained on September 9, 1964, and were as follows, "Hernia and back—hernia still drains." Respondents in their answer admit the hernia claim, but specifically deny that claimant sustained any other accidental injury, deny that claimant gave notice of any other injury, and alleged that "if it be determined that claimant sustained some injury other than is here admitted, the same is barred by the statute of limitations."

The first hearing of this case occurred on March 8, 1966. The trial court outlined the issues to be tried as agreed upon by the parties:

"* * * the claimant reserves his right of compensation or medical treatment, in any form, as to the back injury and the back injury will not be tried at this time except some testimony which claimant may show, * * *."

On March 28, 1966, the trial court entered an order directing that the payment of temporary total compensation be resumed and claimant be furnished additional medical treatment solely for the hernia disability. "The issue of an alleged back injury was held in abeyance." Payment of temporary total compensation was suspended on May 19, 1966, by agreement of the parties.

The second hearing of this case occurred on December 19, 1966. The trial court stated the issues to be tried as follows:

"* * * Let the record further show that this case is now in issue in regard to the back injury only, and the issue that the claimant desired to try this on is temporary total disability and medical payment on the back injury and reserves his permanent partial disability to be tried at a later date—and you may state your defense on the back injury."

\* \* \* \* \* \*

"* * * All we need to go into is this back injury—that is the sole question."

On February 8, 1967, the trial judge entered an order denying the claimant compensation for injury to his back on the grounds that the claim was barred by the statute of limitations. Petitioner-claimant prosecuted an appeal to the Industrial Court sitting en banc. The Industrial Court sitting en banc on March 15, 1967, entered an order modifying the order of the trial judge by denying the claim of the claimant on the grounds "that the claimant did not sustain an injury to his back in the accident occurring on September 9, 1964."

Claimant contends the Industrial Court sitting en banc was without jurisdiction and exceeded its authority to enter its order modifying the order of the trial judge; 85 O.S.1961 § 77(9) outlining the duties of the Industrial Court, sitting en banc in reviewing orders of the trial judge, provides as follows:

"* * * Upon the filing of such appeal, the entire Commission, or a majority thereof, sitting as a body shall hear such appeal, and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable. * * * Such appeals shall be allowed on a question of law or a question of fact, or a mixed question of law and fact, and shall be determined on the record made before the trial Commissioner."

The Industrial Court sitting en banc on appeal is authorized "to enter such award as was warranted by the evidence." Sullivan-Anderson Well Servicing Co. v. Sullivan (1957), Okl., 312 P.2d 943. It is the duty of the court sitting en banc to review the record and enter such order as it "may deem proper, just and equitable as between the parties." Rodriquez v. Utilities Engineering & Construction (1955), Okl., 281 P.2d 946.

The State Industrial Court, sitting en banc has the same authority originally vested in the trial judge. It is required to review the entire record and is authorized

to "make a new and independent order, or award based on the record." Bryant-Hayward Drilling Company v. Cook (1968), Okl., 439 P.2d 480; Edmonds v. Skelly Oil Co. (1951), 204 Okl. 471, 231 P.2d 360.

The order of the court sitting en banc was properly entered. No error was committed in entering such order.

Claimant further contends that the order of the Industrial Court denying his claim for injuries to his back is not sustained by the evidence and is contrary to law.

Claimant testified that while putting up guard rails on September 9, 1964, he had a sharp pain and strained his back and continued to have a sharp pain in his back and hip during the night. He reported to Manford Fowler, respondent's superintendent, the next day that he "wasn't able to come to work on account of my back." He related his back trouble to Dr. Ba., who examined him a few days later. He was bothered with his back while working for respondent during the year 1965. He has been unable to work since December 7, 1965, because of injuries to his back and hip. He sustained a broken left leg in a fall from a horse in 1963. The broken leg was repaired by Dr. A. inserting a metal pin.

Claimant testified that when examined and treated by Dr. Ba. and Dr. J. in 1964 and 1965 he told the doctors about his back injury.

On cross-examination claimant admitted that Dr. M. examined and treated his back in 1956. Dr. M. in his Form 4 report to the State Industrial Court dated November 26, 1956, states that claimant has a "traumatic exacerbation of osteoarthritis with mild compression of the anterior portion of the body of the eighth dorsal vertebra," as shown in examination made on November 20, 1956. Claimant stated that he was troubled with pains in his back after the injury in 1956 but the pains were worse after the accident on September 9, 1964.

The depositions of Dr. Ba. and Dr. J. were submitted in evidence by the respondent. These two doctors examined and treated claimant over long periods of time during the latter part of 1964 and 1965.

Dr. Ba. testified he examined and treated the claimant soon after the alleged accident. Claimant complained of injuries to left groin and right hip. The injury to the hip consisted of a bruise which healed without complications. A hernia developed. He performed an operation on September 22, 1964, repairing the hernia. The hernia incision became infected and he treated the infection until the doctor closed his office in Stroud about April 4, 1965. Claimant made no complaints of having injured his back and he did not treat claimant for a back injury. He certified the claimant as being able to return to work on December 1, 1964.

Dr. J. treated the claimant for the infected hernia for several months beginning April 13, 1965. He testified that claimant made no complaint of having injured his back. At the last examination made in October, 1965, claimant complained of back pain and pain in the right hip radiating down the leg. He was of the impression that the difficulty was related to arthritic changes and referred the claimant to Dr. I., a specialist in arthritic diseases. He could not at any time discover any nerve root pressure causing the back difficulty. It is his opinion that the back complaints of the claimant are caused primarily by osteoarthritis. In the absence of specific neurological findings, and any history of an injury, the doctor stated he could not relate the back complaints to the alleged injury.

While there is in the record medical evidence that the claimant has at present a disability to his back and while this testimony does indicate that claimant related to the doctors a history of having injured his back on the occasion of the September, 1964, accident while at work, there is substantial evidence to the contrary in this record. The evidence being in conflict it was a question for the trier of the facts, namely the Industrial Court.

We have held in many cases that the State Industrial Court is the trier of the facts and its decision will not be disturbed by this court on appeal if supported by reasonably competent evidence. Friendly Chevrolet Company v. Pointer (1967), Okl., 435 P.2d 579; Lee Way Motor Freight, Inc. v. Highfill (1967), Okl., 429 P.2d 745.

The order of the State Industrial Court is sustained by reasonable competent evidence.

The order of the Industrial Court is sustained.

All the Justices concur.