# Wells *v.* Frutchey et al., Appellants.

*Workmen's compensation—Insurance carrier—Defense—Admission—Estoppel—Injury in course of employment—Workman as partner of employer—Estoppel.*

1. In a proceeding under the Workmen's Compensation Act instituted prior to the Act of June 26, 1919, P. L. 642, where an insurance carrier intervenes before the referee and denies that the deceased was an employee killed in the course of his employment, but admits liability if he were an employee, and the referee and the compensation board find that he was killed in the course of his employment, the carrier cannot claim in the common pleas that the employee was in fact a partner of his employer and that there was no liability for his death under the insurance contract.

2. If the employer makes no defense, and the insurance carrier intervenes and objects at any step in the proceedings, the latter is in court by its voluntary act, and, after a decision against it, is estopped from claiming to be a stranger to the record.

3. In such case, on appeal from the judgment of the common pleas affirming the order of the compensation board, the finding is conclusive in the appellate court, as the evidence is not a part of the record.

Argued March 20, 1922.  Appeal, No. 58, Jan. T., 1922, by defendant, Insurance Carrier, from judgment of C. P. Bradford Co., May T., 1919, No. 153, affirming order of Workmen's Compensation Board, in case of Hattie Wells

v. Reed Frutchey and Ferd Horton, copartners, and the Travelers Insurance Co., Insurance Carrier. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from order of Workmen's Compensation Board. Before MAXWELL, P. J.

The opinion of the Supreme Court states the facts.

Appeal dismissed. Travelers Insurance Co. appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Joseph W. Beaman,* with him *Clarence E. Sprout,* for appellant.—The accident in this case, and in fact the appeal from the board, occurred prior to the passage of the amendatory Act of June 26, 1919, P. L. 642. For the purposes of this case, the findings of fact of the referee are conclusive, and the testimony is no part of the record: McCauley v. Woolen Co., 261 Pa. 312; Catlin v. Pickett & Co., 262 Pa. 351; McCarl v. Houston Boro., 263 Pa. 1; Hancock v. P. & R. Ry., 264 Pa. 220; McGurrin v. Hudson Coal Co., 264 Pa. 230.

The liability of the Travelers Insurance Company, depends on whether there was a contract, based on a consideration, and whether the contract by its terms bound the company to pay indemnity for this accident. The findings of fact fail to show that such a contract was in force at the time of the accident: Dives v. Fidelity & Casualty Co., 206 Pa. 199.

As between claimant, representing Clinton Wells, and the carrier, the status depends upon the contract between the insured and the insurer: Gallagher v. R. R., 72 Pa. Superior Ct. 124; Church v. Winton, 196 Pa. 107; Banks v. Ammon, 27 Pa. 172.

*Charles M. Culver,* with him *Fanning & Kaufman,* for appellee.—What were the terms of the insurance policy are not shown by this record, but they were such that the

referee found the insurance company liable and made award against it by reason thereof, and the court must presume the regularity of all his acts: McCauley v. Imperial Woolen Co., 261 Pa. 312.

Under the Workmen's Compensation Act of June 2, 1915, P. L. 758, the courts cannot review the findings of fact of the referee and the Workmen's Compensation Board: McCarl v. Houston, 263 Pa. 1; Catlin v. Pickett, 262 Pa. 351; Hancock v. P. & R. Ry., 264 Pa. 220; McGurrin v. Coal Co., 264 Pa. 230; Belmonte v. Connor, 263 Pa. 470.

By intervening in these proceedings the insurance company admitted its liability to claimant if the insured employers were found to be liable.

The Workmen's Compensation Law and the insurance which it obliges employers to carry are for the protection of employees and not the employers: McCauley v. Imperial Woolen Co., 261 Pa. 312.

OPINION BY MR. JUSTICE KEPHART, April 24, 1922:

This is an appeal from the confirmation by the court below of an award by the Workmen's Compensation Board. Claimant's husband, Clinton Wells, was employed as a lumberman by the firm of Frutchey & Horton, manufacturers of ties and props. In addition to his daily wage he was to receive one-third of the profits from the operation, if any, without any engagement to share the losses or obligations incident thereto. He was not a copartner.

When the claim petition was filed, notice was given the employers, who, in turn, notified appellant, the Travelers Insurance Company. This company voluntarily intervened in right of the employers, and filed an answer wherein the fact of employment, as well as liability to compensate for the injury, was denied. The only defense to the claim before the referee and the board was, deceased was not an employee within the meaning of the act, and that the award did not accord with the findings of fact.

The question here raised, that the referee's findings were insufficient to sustain an award against the insurance carrier in the absence of some determination or adjudication of the insurance contract, is not properly in the case. Had the insurance carrier submitted this defense to the referee and the board for decision, it might be in a better position to urge this question. So far as an order against the carrier is concerned, it could have set up the extent of its relation to the employer and whether it was liable under its insurance contract to compensate claimant. But the answer did not deny a coverage for the employment of Wells, he being, as it now claims, a partner. There are no findings upon which partnership could in any sense be predicated, or that the employment as found was not within the policy. While appellant denied Wells was an employee killed in the course of employment, it admitted its liability to the claimant if he was an employee; and, by intervening, without setting up any different character of defense than mentioned, there appeared on record an admission of liability for any employment under its contract. The burden assumed by the company it carried to final conclusion, with the result that the referee found "claimant's husband was an employee killed in the course of employment, and that the compensation insurance was secured......from the Travelers Insurance Company," covering this employee. This finding is conclusive on us, as the claim arose prior to the Act of 1919: McCauley v. Imperial W. Co., 261 Pa. 312, 329; McCarl v. Houston Boro., 263 Pa. 1, 2; Catlin v. Pickett & Co., 262 Pa. 351, 353; Hancock v. P. & R. Ry. Co., 264 Pa. 220, 221.

Insurance carriers are not permitted to limit their risks without due observance of the acts in relation thereto; however, we do not here determine they could limit the risk as here stated. What we decide is that, the referee having found claimant's husband was an employee injured in the course of employment, and there being nothing on the record that can be reviewed raising

the question as to the insurance company's nonliability on its contract, having voluntarily appeared in the case, to defend generally, it cannot now complain of an adverse result as to its liability to the employer for this employment. Where it appears, the employer made no defense and the insurance carrier intervened and jected at every step in the proceedings, the latter is in court by its voluntary act, and, after a decision against it, is estopped from claiming to be a stranger to the record; the award against the carrier for the full amount of the claim will be sustained: Chase y. Emery Mfg. Co., 271 Pa. 265, 270.

Decree affirmed, at cost of appellant.