## TULSA STREET RAILWAY CO. et al. v. SHOEMAKER et al.

No. 15138—Opinion Filed Feb. 3, 1925.

### Master and Servant—Workmen's Compensation—Burden of Proof—Award—Insufficient Evidence.

Under the Workmen's Compensation Law of this state the burden rests on claimant to establish by competent evidence the accidental nature of the injury complained of, that it arose out of or in the course of employment, and that the disability relied on for compensation resulted primarily from such accidental injury. Where there is an entire absence of these essential evidentiary elements, this court must say, as a matter of law, that the evidence is insufficient to sustain an award of compensation.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Original proceeding by the Tulsa Street Railway Company et al., to have reviewed in this court an order and award of the State Industrial Commission entered January 24, 1924, in favor of Earney Shoemaker. Reversed, and award vacated.

February 26, 1923, Earney Shoemaker filed his application with the State Industrial Commission asking for an award of compensation for loss of hearing in his left ear, alleged to have resulted from an accidental injury occurring May 9, 1922, while claimant was employed by the Tulsa Street Railway Company. Hearing was had on said application September 10, 1923, and on January 24, 1924, the commission made its findings and awarded claimant compensation in the lump sum of $1,500. Proceedings to review these findings and award were duly filed in this court with a transcript of the proceedings had before the Industrial Commission. The parties will be hereafter referred to as claimant, respondents, and Industrial Commission as they appeared at the original hearing.

Burford, Miley, Hoffman & Burford, for plaintiffs in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for defendants in error.

Opinion by LOGSDON, C. This proceeding brings to this court a transcript remarkable for the absence of essential proof. The injury for which compensation is claimed occurred May 9, 1922, and the hearing to fix liability and determine extent of disability was held September 10, 1923. Claimant took the witness stand in his own behalf, and the following occurred upon his direct examination:

"Q. You may state your name. A. Shoemaker, Earney. Q. You are the claimant in this suit, are you, Mr. Shoemaker? A. Yes. sir. Q. Was you working any time during this year for the Tulsa Street Railway Company? A. Yes, sir. Q. Tell the commission how you got injured.

"By the Court: We don't care how he got injured, so it was in the course of his employment."

This is every syllable of the testimony given on the hearing as to claimant's employment at the time of the injury, or as to the nature of the accident and the cause of the injury. In Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 83 Okla. 73, 200 Pac. 862, this court, Justice Nicholson delivering the opinion, said:

"In a proceeding before the State Industrial Commission, seeking compensation for an alleged injury, the burden of proof is upon the claimant to show by the evidence that the injury complained of was accidental and arose out of and in the course of his employment."

That this essential proof could and would have been made, except for the interposition and remark by the commissioner, may be conceded without militating against the rule of law which requires its production. This court is required to know that there is some competent testimony in the record to support the findings of fact made by the commission as a basis for its award of compensation. Otherwise the insufficiency of the evidence to fix liability and to authorize an award of compensation becomes a question of law for this court. Hogan et al. v. State Industrial Commission et al., 86 Okla. 161, 207 Pac. 303; Branaham v. Carter Oil Co. et al., 87 Okla. 80, 209 Pac. 400; Producers' Lumber Co. v. Butler, 87 Okla. 172, 209 Pac. 738; Huttig Lead & Zinc Co. v. Brown, 90 Okla. 80, 215 Pac. 1056.

In the brief of the Attorney General occurs this language:

"We shall not in this brief undertake to argue the facts. The evidence contained in the record, to say the least of it, is unsatisfactory—is indeed and in truth flimsy and of doubtful character. In the hearing of this cause before the commission questions were asked which, had they not been overruled, and had been answered, would have shed more light on this case."

The questions referred to by the Attorney General were questions propounded by respondents to certain medical witnesses, and were designed to elicit whether the partial deafness made the basis of the award was caused by the alleged injury or by an antecedent disease which affected the nose, throat, and ears of claimant. The questions were based upon the testimony of a specialist who treated and operated on claimant for this disease. The testimony sought to be developed by these questions was competent, relevant, and material, and its exclution by the commission was erroneous. The alleged injury was received May 9, 1922, while the claim for compensation was not filed until February 26, 1923, and claimant only lost four and one-half days from his work.

Because of the entire absence of competent testimony essential to establish liability and the right to compensation, the findings of the Industrial Commission herein are contrary to law. For this reason the order of the Industrial Commission of January 24, 1924, should be reversed, with directions to vacate the award.

By the Court: It is so ordered.

Note.—See under (1) Cyc. C. J. Workmen's Compensation Acts, p. 115.