## FIDELITY & CASUALTY CO. v. BAKER et al.

No. 23684. Opinion Filed Jan. 31, 1933.

Green & Farmer, for petitioner.

J. Berry King, Atty. Gen., C. R. Nixon, and F. C. Swindall, for respondents.

BAYLESS, J. This appeal is by the Fidelity & Casualty Company, a corporation, hereinafter called petitioner, from an order of the State Industrial Commission requiring it, as insurance carrier for the Tedray Oil Company, hereinafter called employer, to pay the compensation awarded P. D. Baker, hereinafter called employee, for an accidental injury sustained in a hazardous occupation. The evidence was ample to sustain an award in favor of the employee and against the employer, and neither of them appealed. The brief of petitioner presents but one issue.

We will state so much of the facts as are necessary to make plain this issue. The employer owns or operates several oil and gas leases, one being located near Kellyville, Okla., and one near Skiatook, Okla., whereon the accidental injury was sustained by the employee. C. H. Sweet, an officer of the Central National Bank of Tulsa, Okla., later consolidated with the Exchange National Bank of Tulsa, was trustee for the employer for the lease near Kellyville, under a mortgage held by the banks and pursuant to an oral agreement between the employer, the banks, and creditors. It is not clear what were his powers or duties under this agreement, but it is certain his trusteeship was limited to the one lease. C. H. Sweet, trustee, procured a policy of workmen's compensation insurance from the petitioner, limited by its terms to the operation of the lease near Kellyville and especially excluding drilling. It does not appear that the employer carried any workmen's compensation insurance in its own name. The employee was injured April 7, 1931, while working with a drilling machine on the lease near Skiatook, Okla. A report of the accidental injury was filed by him with the State Industrial Commission on July 29, 1931, naming the employer as above, and the petitioner as the insurance carrier. A hearing "to determine liability and extent of disability" was scheduled at Tulsa, Okla., January 4, 1932, which hearing was continued to February 2, 1932, at which time the employee appeared with his attorney, and the employer and petitioner appeared by their attorney. The hearing was begun and continued to and closed on February 4,

1932. In all of these proceedings the defense by the employer and petitioner was joint, but in reality was actually conducted by the petitioner's attorney. The employer, prior to the hearing, furnished medical attention, and both petitioner and employer tendered medical attention and an operation to the employee at the close of the hearing February 4th. On February 22, 1932, petitioner filed a verified motion to dismiss the claim as to it because its contract of insurance only applied to the operations of C. H. Sweet, trustee, on the lease near Kellyville, Okla., and it had never intended to extend its protection to the operations of the employer elsewhere, nor had it received pay rolls covering any other operations or premium therefor. No pleading was filed in response to this motion. This motion was heard at Tulsa, Okla., April 12, 1932, pursuant to a notice specifying that the hearing was "continued from Tulsa docket of Feb. 2, 1931, to take further testimony," at which time the petitioner introduced testimony of witnesses and the contract of insurance. The testimony of the attorney for petitioner as to his authority to appear for petitioner at the previous hearings is somewhat contradictory. The employer introduced no evidence. The employee introduced no evidence, but cross-examined the witnesses of petitioner. We believe, after reading the record and his brief, that he relied entirely upon the previous conduct of the petitioner as an admission of its liability and submission to the jurisdiction of the court, or an estoppel to raise the issue at this period of the hearing. The only order of the Commission in connection with this whole proceeding is dated April 26, 1932. It makes no finding upon the motion to dismiss, but orders the employer, or petitioner as the insurance carrier, to pay the award made therein.

The sole complaint of the petitioner may be summed up as follows: The State Industrial Commission was without authority of law to bind it by the award in this case. It may be said here that petitioner bases its attack on both the evidence and the law.

This court has on previous occasions defined the reasons for the origin of workmen's compensation laws, the remedial effect which they should be given by interpretation, and made plain the operation of the law in this state. The employee cites cases by this court to the effect that "A party who voluntarily acquiesces in, or ratifies, either partially or in toto, a judgment against him, cannot appeal from it." We find no Oklahoma case exactly in point.

The relationship of employer and employee is contractual. Moore & Gleason v. Taylor et al., 97 Okla. 193, 223 P. 611; El Reno Broom Co. v. Roberts, 138 Okla. 235, 281 P. 273. The relationship of employer and insurance carrier is contractual, it being said in Schneider's Workmen's Compensation Law (2d Ed.) vol. 1, page 3, "The law is founded upon the principle of insurance and is in no sense a pension or bounty or gratuity." The relationship of an employee and an insurance carrier is always established through their separate contracts with the employer. The Workmen's Compensation Law of the state of Oklahoma does not require an employer and an employee to enter into a contract of employment, but, they having entered into such a contract, the law imposes upon the employer the duty of paying compensation to the employee for an injury accidentally sustained in the course of a hazardous employment. The law does not require the employer and the insurance carrier to enter into a contract of workmen's compensation insurance, but does permit such a contract of insurance to be entered into between them as one of the means by which an employer may secure to his employee the payment of the compensation awarded. Therefore, in order for the State Industrial Commission of Oklahoma to have the authority of law to order an insurance carrier to pay an award of compensation to an injured employee upon the failure of the employer to do so, there must have been in existence at the time the employee sustained the accidental injury two contracts, one between the employee and employer, and one between the employer and the insurance carrier.

This court has repeatedly held that it will not review a record to weigh the evidence, but is satisfied when it finds some evidence reasonably tending to support the judgment. However, until this degree of evidence is found, this court's review must cover the entire record. We have found no evidence in this record even remotely tending to prove that there was a contract of insurance between the employer and the petitioner. The only contract of insurance shown to be in existence was between C. H. Sweet, trustee, Tedray Oil Company, limited to "lease near Kellyville, Oklahoma," and covering "oil producing—operation of oil wells—including incidental cementing and cleaning out of wells during operation, but no other drilling operations. * * *"

We are not aware of any statutory provisions which prohibit an insurance company from entering into a contract limiting its liability. Therefore, we know of no reason why the employer and insurance carrier may not enter into separate contracts of insurance, covering separate factories or operations, separate departments or even separate classes of employees, where any such distinction so attempted is reasonable and easy of ascertainment. Clearly, that is what C. H. Sweet, trustee for the lease near Kellyville, Okla., and the petitioner tried to do in this instance, and it does not appear from the record that they intended to do more, or did more. One of the latest works on Workmen's Compensation Law is Schneider's, and in the 2nd Edition, vol. 2, at pages 1552-58, is discussed the right of insurance carriers to limit their coverage territorially and otherwise. With the exception of certain states wherein it is prohibited by statute this right is invariably conceded.

We have said before that it is our opinion from the record and the brief of employee that he relied entirely upon the conduct of the petitioner in entering its appearance, participating in the proceedings, and even assuming, jointly, with the employer certain pecuniary obligations towards the employee with reference to medical attention. The attorney who appeared for the employer and petitioner testified in support of the motion to dismiss, in answer to a leading and suggestive question, on cross-examination, that this matter had been referred to him and he had entered an appearance. He was appearing for two parties, and the record would have been of more assistance to this court had the questions propounded and the answers given been more definite and certain. Later this attorney made the direct and positive statement that he was without specific directions to enter an appearance for the insurance carrier at the time he did so.

We have found two cases, Chase v. Emery Mfg. Co., 271 Pa. 265, 113 Atl. 840, and Wells v. Frutchey, 274 Pa. 305, 117 Atl. 911, in which it is held that it is too late for the insurance carrier to raise this question upon appeal. However, in the last of the above cases, the Supreme Court of Pennsylvania recognized the right of the carrier to present this question to the trial commission for determination. We believe that this rule is in keeping with good reason and judgment, for, as we have said above, unless there is the coincidence of two separate contracts, the Commission is without authority to make any determination against an insurance carrier. Therefore, when the insurance carrier filed its motion with the State Industrial Commission to dismiss this proceeding in so far as it was concerned, it was within its rights and was

entitled to have the same heard and passed upon.

The record before us shows that the Commission did not make a finding of fact upon the issue presented by the motion to dismiss and it does not make a general finding in favor of the employee and against either the employer or petitioner. The Commission either ignored the issue or intended for a presumption of sufficient evidence to support the order. If it ignored the issue, it erred. If it intended for the presumption to support the judgment, it erred again, for not only does the evidence fail to give rise to such a presumption, but the evidence reasonably supports the issues raised by the motion to dismiss. This court said in Pine et al. v. State Industrial Commission, 108 Okla. 185, 235 P. 617:

"Where there is no evidence to support a material fact in issue before the State Industrial Commission, it then becomes a question of law, which, being properly presented, will be determined by this court.

"In all cases appealed from the Commission this court will review the record to the extent of ascertaining whether, under the Compensation Act, a legal liability is shown."

We do not believe that any theory of estoppel applies to the situation presented in this record. It certainly is not equitable estoppel, for the elements, as set out in Gypsy Oil Co. v. Marsh, 121 Okla. 135, 248 P. 329, as making up equitable estoppel, are not present. In our opinion the conduct of the petitioner does not create an estoppel in pais, because the employee was not induced to enter upon the employment, or to incur any obligation, or to change or alter his position for the worse in any material respect because of the existence of the particular policy of insurance shown in the record. His employment, the happening of the accidental injury, the jurisdiction of the Industrial Commission over his person and that of the employer, and the hearings and award finally made, all followed in their natural sequence, and would ordinarily have done so without the existence of the particular policy of insurance. The petitioner, or its attorney, may or may not have been inadvertent in their actions in this case, but in any event the inadvertence was discovered and properly called to the attention of the Commission for determination before the final determination of the action, and, under the record presented to us, it was error for the Commission to do otherwise than sustain the motion to dismiss.

All of the authorities cited by respondents refer to cases where the objection comes after the judgment has been rendered and acquiesced in, but in this case the objection was made before any final award was rendered.

For the reasons above set out, the order of the State Industrial Commission of April 26, 1932, must be vacated in so far as it pertains to the appellant, Fidelity & Casualty Company, and sustained in all other respects.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BUSBY, and WELCH, JJ., concur. ANDREWS and McNEILL, JJ., absent.