## COCA-COLA BOTTLING CO. et al. v. MOWRY et al.

No. 24408. Feb. 27, 1934.

Rehearing Denied April 10, 1934.

Abernathy & Howell, for petitioners.

Ledbetter, Stuart, Bell & Ledbetter, for respondent, F. W. Mowry.

SWINDALL, J. On September 1, 1932, F. W. Mowry, as claimant, filed with the State Industrial Commission a claim for compensation against the Coca-Cola Bottling Company, respondent, and the Royal Indemnity Company, insurance carrier, in which he alleges that on April 11, 1932, he received an accidental personal injury while lifting an ice box at the B & M Clothing Store in Oklahoma City, Okla., the nature and extent of injury being stated by him as wrenched shoulder, crushed chest, resulting in lung trouble. On September 8, 1932, the respondent and insurance carrier filed an answer in which they denied liability for compensation. A hearing was held on September 27, 1932, in which claimant testified in substance that he was employed by the Coca-Cola Bottling Company, and on April 11, 1932, while moving an ice-box at the B & M Clothing Store he hurt his shoulder; his brother-in-law let his end of the box go and when he did it threw it over on claimant and kind of caved him in; that he continued to work for the respondent Coca-Cola Bottling Company until the 9th day of August, 1932. He stated that on August 9th he had Dr. Wilson take an X-ray, and that the doctor said the shoulder had weakened him and the caustic soda fumes he was breathing had injured his lungs. Dr. Wilson testified that the claimant's trouble was that he was suffering from the ice-box injury lowering his resistance and caustic fumes and long hours of work caused him to have the trouble. After hearing the evidence the Commission found, among other things, that the claimant was in the employment of the respondent Coca-Cola Bottling Company and engaged in the performance of manual labor as defined in the Workmen's Compensation Law, that arising out of and in the course of his employment the claimant sustained an accidental personal injury, the nature of said injury being wrenched right shoulder and crushed chest, resulting in lung trouble, while lifting a heavy ice-box, and awarded compensation from August 9, 1932, less the 5-day waiting period, to December 28, 1932, at the rate of $9.61 per week, and to continue the payment thereafter at the rate of $9.61 per week until otherwise ordered by the Commission, and also to pay such reasonable medical expenses as have been incurred by claimant by reason of said injury and to continue to treat him until otherwise ordered by the Commission.

The respondents have commenced an original proceeding in this court to review said award, and contend that there is no competent evidence to sustain the award in that there is no competent evidence to show that the claimant was in one of the hazardous employments defined in section 13349, O.

S. 1931, and that. if the defendant has any disability, the same is the result of an occupational disease and not an accidental injury.

We have carefully examined the record, and fail to find any competent evidence showing that the claimant at the time of the alleged injury was engaged in any of the employments defined in section 13349. The petitioners, at page 12 of their brief, say:

"While there is evidence that there was machinery in the Oklahoma Coca-Cola Bottling Company plant, there is no evidence of any kind or character that there was any power machinery at the B & M Clothing Store.

"It is therefore clear that the Oklahoma Coca-Cola Bottling Company not only manufactured bottled drinks at its factory on Third street in Oklahoma City, but also that it placed taborets or· ice-boxes, for the handling of its bottled drinks, in the B & M Clothing Store, and that its employees, among them the claimant, were required not only to work at the bottle plant where power machinery was used, but also in delivering and taking up taborets or ice-boxes."

It is the contention of the respondent that this admission of the petitioners is sufficient to authorize this court to sustain the findings of the State Industrial Commission that the respondent Mowry was employed in one of the hazardous employments defined in section 13349, O. S. 1931. We cannot agree with this contention. Section 13350, O. S. 1931, in part, reads:

1. " 'Hazardous employment' shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned' in section 7283 (13349), * * *"

In the case of Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. (2d) 519, we said:

"The Workmen's Compensation Law recognizes the fact that the same· employer may conduct different departments of business. some of which fall within the act and some of which do not."

In the case of Ferris v. Bonitz, 149 Okla. 129, 299 P. 473, we held that the employment must be connected with the business defined in section 13349. There is nothing in the record to show that the employment of the respondent Mowry in assisting other persons to load an ice-box on a truck at the B & M Clothing Store was connected with or incident to the employer's business of manufacturing bottled drinks at its factory.

Our Workmen's Compensation Law is remedial in .its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to strict proof that he is within a class embraced in the provisions of the law, and nothing can be inferred or presumed in this respect. Moore & Gleason v. Taylor, 97. Okla. 193, 223 P. 611. In the case of Rorabaugh-Brown Dry Goods Co. v. Matthews, 162 Okla. 283, 20 P. (2d) 141, we held that:

"In order for the State ,Industrial Commission to have jurisdiction 'to' award compensation to an employee 'and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 7283 (now 13349. O. S. 1931) as amended, supra; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment' as defined in section 7284 (now 13350, O. S. 1931), as amended, supra."

There is not a scintilla of evidence to show that the employment of the claimant in the bottling factory was connected with or incident to loading the ice-box on the truck at the B & M Clothing Store. If such business was connected with the manufacturing business, it should be easy to establish that fact; however, that branch or department may be connected with the retail business of the petitioners, or they may be engaged in the wholesale business. These are facts that should be established by the evidence and not left to speculation or conjecture.

As to the next issue raised by petitioners, that the evidence fails to show that the alleged injury is compensable, in the case of Tulsa Street Railway Co. v. Shoemaker, 106 Okla. 99, 233 P. 182, we held that:

"Under the Workmen's Compensation Law of this state the burden rests on claimant to establish by competent evidence the accidental nature of the injury complained of, that it arose out of or in the course of employment, and that the disability relied on for compensation resulted primarily from such accidental injury. Where there is an entire absence of these essential evidentiary elements. this court must say, as a matter of law. that the evidence is insufficient to sustain an award of compensation."

Does the disability relied upon for compensation in this case result primarily from the alleged accidental injury sustained by

the respondent on April 11, 1932? Dr. Wilson testified on behalf of the claimant that he felt that the ice-box injury lowered claimant's resistance, and the caustic fumes and long hours of work caused him to have the trouble; if it had not been for the accidental injury he might have had enough resistance to resist the condition, but the combination of the two was too much; that he believed the three factors entered into it. In the case of U. S. Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773, we held that:

"Disability from inhaling excessive amount of gypsum dust, resulting in acute bronchitis, held not to justify award for 'accidental injury.' "

Paragraph 7 of section 13350, O. S. 1931, defines "injury or personal injury" to mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom. In Campbell Bakeries v. Braumeister, 160 Okla. 94, 12 P. (2d) 989, the claimant testified that, in the early part of August 1930, he commenced to have pains in his back, hips, and right leg, that those pains just came on gradually commencing about August 4th, and that he was unable to say what particular lifting or handling caused the injury. We held that, under the facts disclosed by the record, the cause of the injury was an occupational disease and not an accident, and vacated the award. In the case of Vaughn & Rush v. Stump, 156 Okla. 125, 9 P. (2d) 764, we held that an accident as contemplated by the Workmen's Compensation Law is distinguished from an occupational disease in that it arises by some definite event, the date of which can be fixed with certainty, but which cannot be so fixed in the case of occupational diseases. Viewing the evidence in its most favorable light, was the Commission authorized in finding that the disease which the claimant stated he had was a natural result of the alleged accidental injury? We are of the opinion that the evidence does not justify such finding by the Commission. It is clear from the evidence that if the respondent was suffering from a disease or infection as claimed by him, the same was the result of inhaling caustic fumes over a period of months, and that the same never resulted naturally from any injury that he might have sustained loading the ice-box.

For the reasons herein stated, the award is vacated and the cause remanded to the State Industrial Commission, with directions to proceed consistently with the views herein expressed.

RILEY, C. J., and McNEILL, BAYLESS, and WELCH, JJ., concur.