## Morris v. General Refining Company et al.

*Edmund C. Wingerd*, for claimant.
*John McD. Sharpe*, for defendants.

DAVISON, P. J., January 18, 1936. — This is an appeal from the decision of the Workmen's Compensation Board awarding compensation to claimant. An award of compensation had been made by the referee against the General Refining Company and Glens Falls Indemnity Company. On appeal from this award to the Workmen's Compensation Board, the board amended the award of the referee so that the award of compensation

was made against the "General Refining Company and its insurance carrier", instead of against the "General Refining Company and Glens Falls Indemnity Company", and affirmed the referee in all other respects. From this award an appeal was taken by the defendants and is now before us for disposition following argument by counsel.

The facts as shown by the evidence taken before the referee are as follows: William M. Morris, the claimant, was in the employ of the General Refining Company, a Maryland corporation, with its principal offices in Baltimore, Maryland. Its business is the distribution of gasoline, motor oils and by-products, and it operates stations in Maryland, Pennsylvania and Delaware for that purpose. At the time of the injury to the claimant the company had in operation five stations in Maryland, nine in Pennsylvania and one in Delaware. One of the stations in Pennsylvania was located in Waynesboro and one in Chambersburg. The claimant was employed by said company as a mechanic to repair pumps, tanks or any equipment that needed repairs, and the territory covered by him included all the above-mentioned stations. He had no regular hours of work but worked where and when required and was subject to call at any time. The claimant's compensation was $15 a week and an allowance of $2.50 a day for meals and lodging or to defray his expenses while he was working; and any expense which he incurred was taken care of by the company. He traveled in his own automobile and all expenses connected with its repair were taken care of by the company. This is the testimony of H. P. Barton, vice president of said company, under whose direct supervision the claimant worked.

The day of the injuries suffered by the claimant he had done some work at the Waynesboro station, dismantling a line of pipe there which was to be sent to Lemoyne, Pa., by truck the next day, at which place the claimant was to be at that time. When in Waynes-

boro he found a broken spring in his car and, as the facilities to repair it were better at the Chambersburg station of the company than at the Waynesboro station, he came on to Chambersburg to make those repairs, intending to proceed to Harrisburg so as to be there, or at Lemoyne, the next morning, to proceed with his work for the company. It was while making those repairs to his automobile in Chambersburg that he received the injuries for which he was awarded compensation. Chambersburg is on a direct road from Waynesboro to Harrisburg and Lemoyne.

The claimant worked out of the Baltimore office and received his pay, either by check or in cash, at that office, and his home was in that city. The General Refining Company carried compensation insurance in Pennsylvania in the Glens Falls Indemnity Company and in Maryland in the New York Casualty Company.

After the injuries suffered by him the claimant filed his claim petition for compensation against the General Refining Company with the Pennsylvania Workmen's Compensation Board, and at about the same time filed a similar claim with the Maryland compensation board. To the petition filed with the Pennsylvania board an answer was filed alone by the Glens Falls Indemnity Company by which all allegations of the petition except employment were denied, and that company asked leave to intervene as a party defendant, and denied liability for want of jurisdiction. No order permitting the intervention was ever made, but in the subsequent proceedings it was considered by the compensation authorities as an intervening defendant and so styled in said proceedings.

The defendant, the General Refining Company, filed no answer to the claim petition in this case and the appeal from the award of the referee to the Workmen's Compensation Board was taken alone by the Glens Falls Indemnity Company, without the General Refining Company joining in it, but the appeal to this court is made

by both the defendant company and the intervening defendant.

It is contended by the appellants that the injury to the claimant did not occur in the course of his employment, it being argued to us that when the injuries complained of were received it was about seven o'clock in the evening and the claimant had completed his work for the day and had nothing further to do until the following morning, when it was his duty to report at Harrisburg to take up his work, that the repairs to his car were simply incidental to its general maintenance, that it was used for pleasure as well as business, that the spring did not necessarily have to be repaired at that time, and that, therefore, he was not actually engaged in the furtherance of the business or affairs of the employer when injured. We cannot agree with this argument.

The Workmen's Compensation Act of June 2, 1915, P. L. 736, art. III, sec. 301, provides as follows:

"The term 'injury by an accident in the course of his employment,' as used in this article . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere".

It is thus seen that the limitation is not to injuries received on the premises of the employer, but wherever received if the employe is actually engaged in the furtherance of the business or affairs of the employer. The instant case is a good example of the reason for this provision. Practically all the employment of the claimant was off the premises of the employer and no compensation could be received by him without such a provision in the law.

The appellate courts of Pennsylvania have referred to this provision of the act at different times. In Palko v. Taylor-McCoy Coal & Coke Co. et al., 289 Pa. 401, 404, the Supreme Court said:

"The term 'course of employment' has a necessary relation to the fact of employment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises. In the latter case, the employee must be actually engaged in his master's business. Our prior decisions show that, in each instance where compensation was allowed for accidental injuries, occurring off the premises, the facts warranted the conclusion that the employee sustained his injuries while actually engaged in the performance of some as yet incompleted business of his employer."

In the instant case the injury was sustained off the premises, and therefore the term "course of employment" must have a closer relation to the fact of employment than if the injury had occurred on the employer's premises. Does this relation occur in this case? We think it does. The claimant had no hours of employment, but it was his duty to be at different stations of his employer at different times, just as his work required, hence the time of day that this accident occurred has no bearing on the case; he could just as well be engaged in the course of his employment at midnight as midday. It is urged on us that he had finished his day's work and had nothing to do until the next day in Harrisburg or Lemoyne, but he had to proceed from Waynesboro to that point at some time, and while doing so, under the terms of his employment, he was engaged in his master's business. It would not be contended that if he had remained in Waynesboro all night and then started to Harrisburg and had been injured while on his way he was not in the course of his employment, for if that were so then he would never be protected while traveling on his usual occupation, and no one would even suggest that. There was no difference whether he was injured when on his way in the evening or the next morning, for in either case he would be in the course of his employment. His duty was to go from place to place as required and when doing this he

was at all times engaged in his master's business. He was not going from his work to his home, or for meals after or before regular or extra working hours, but he was proceeding on this work from one place to another as it required him to do, and was in the same situation as if he had been going from one building to another in the continuance of his regular work.

The work he was doing on his car was in the course of his employment by his employer. It is true his automobile was not used solely for traveling for his employer, but the employer had made himself responsible for repairs to it while used in his business. When the spring broke it was while he was engaged in the employer's business and the employer was responsible for its repair. The claimant was employed as a mechanic to keep the machinery of the employer, including its trucks, in repair, and, under these circumstances, who should repair this automobile, then in the employer's business and for which repair he was liable, but the man employed by him for this purpose, the claimant? That he happened to own the automobile, under these circumstances, was but an incident, as it was in use by an employe of the defendant who had made himself responsible for its upkeep. We are of the opinion that this case meets all the requirements of a course of employment off the premises of the employer and that compensation is allowable.

We find, as did the Workmen's Compensation Board, that this case is so close to the facts in Green v. Hiestand Brothers et al., 103 Pa. Superior Ct. 515, as to be ruled by that case. In that case the Superior Court said:

"We think the only legitimate inferences to be drawn from these facts are that the decedent's employment for July 9, 1930, had not been terminated at the time of his accidental death and that the accident happened while he was repairing an instrumentality (necessary to the proper rendition of the services required of him) preparatory to going to the Noel Bakery to make a collection

for his employers. The compensation authorities were therefore warranted in making an award to the claimant upon the ground that her husband was at the time of the accident actually engaged in the furtherance of the then uncompleted business or affairs of his employers and the court below committed no error in dismissing the appeal from that award."

And this statement of the law applies in the instant case. We will therefore hold that the Workmen's Compensation Board must be sustained as to its findings as to compensation being awarded.

The referee made an award in the instant case against "the defendant, General Refining Company and Glen Falls Indemnity Company". The Workmen's Compensation Board said in its opinion upon the appeal:

"As grounds for the prayer of its petition for a rehearing, the Glens Falls Indemnity Company states that the insurance premium on account of the claimant's wages was paid to the New York Casualty Company, and contends that it should be made a party to the record and the award made against it.

"We are not concerned with which insurance carrier is responsible for the payment of compensation. We have determined that the defendant employer, General Refining Company, is primarily responsible to the claimant for compensation. Which of its insurance carriers is liable over to it for this responsibility is a matter to be settled between these parties.

"The referee's award is amended to read as follows:

"Compensation is awarded the claimant, William Morris, against the defendant, General Refining Company and its insurance carrier, at the rate of $15 per week for a period of 125 weeks from December 11, 1934, in the total amount of $1,875. The accrued compensation shall bear interest at the rate of 6 percent per annum, beginning December 25, 1934."

Under the facts in this case as they appear in the record, we are of the opinion that the board erred in

holding that it was not concerned with which insurance carrier was responsible for the payment of compensation to the claimant and in making the award against the General Refining Company "and its insurance carrier" without naming that carrier. The claim petition was filed in Pennsylvania under the workmen's compensation law of this State and proceeded with under its provisions, and an award was made to the claimant under it. This fixes liability under the laws of Pennsylvania, and an award made under that law should be made against the employer and his insurance carrier. That question should be determined with reference to the facts as they appear on the record in connection with the proceedings before the board. That the employer might carry insurance in some other jurisdiction to protect it there, or that a carrier in Pennsylvania might have a right to recover any payments made pursuant to an award in Pennsylvania from some other person or company, does not enter into the question now before us. We have here a proceeding in Pennsylvania under its compensation law, duly proceeded with, hearings held, compensation awarded, and the matter fully determined under the laws of this State, and the only question is who is to be held responsible for the payment of the award so made. The referee and the board had nothing to do with insurance carriers other than the one interested in the case before them for decision. Who was that carrier, and was it before the board so that an award could be made against it if one was to be made? The Glens Falls Indemnity Company by its own act and on its own petition was made an intervening defendant, and is referred to in the proceedings as "insurance carrier and intervening defendant". It filed the answer to the claim petition in its own name alone, the employer not appearing in it, and it took the appeal from the referee solely by itself and it was not until the appeal to this court was filed that the employer appeared with the carrier in any steps taken in the proceedings. Under

these circumstances it was the Pennsylvania insurance carrier and that fact appears in the evidence and is not denied, as is also the fact that the employer carried insurance in Maryland and in Pennsylvania in two separate and distinct companies.

With this situation, the referee, and the board on appeal to it, had before them the situation which appears in almost every case: A claim petition under the Pennsylvania law, the assumption of jurisdiction by the proper Pennsylvania authorities, the proceeding before them by the insurance carrier and intervening defendant and the award. The referee properly made the award against the employer and the insurance carrier by name, and the board only amended it by omitting the name of the carrier and making the award against the employer and carrier without designation as to who the carrier was. In this we think the board erred and should have affirmed the referee's award as made. But as it made an award against the General Refining Company and its insurance carrier, and as the only carrier liable under the Pennsylvania law was the Glens Falls Indemnity Company, we can see no difference in the award and are of the opinion that we can modify the award sufficiently to identify this carrier by name, and this we will do. It is necessary to have the parties against whom an award is made fully identified, for it is provided in the Act of June 26, 1919, P. L. 642, sec. 427, that "If the court of common pleas of any county of this Commonwealth shall affirm an award or order of the board or of a referee sustained by the board, fixing the compensation payable under this act, the court shall enter judgment for the total amount stated by the award or order to be payable, whether then due and accrued or payable in future instalments." This the court could not do unless the parties against whom said judgment was to be entered were specifically ascertained. That it was incumbent on the referee and the board to join the insurance carrier in its award is decided in Levan v.

Pottstown, Phœnixville Ry. Co. et al., 279 Pa. 381, 385, where the court says:

"The suggestion that it was improper for the referee to join appellant as insurance carrier was not pressed and is without merit. The policy in question, in conformity with the statute (Act of June 2, 1915, P. L. 769), makes such carrier primarily liable to the parties entitled to indemnity for all sums that may be awarded; also obligates it to defend all suits or proceedings instituted against the employer on account of injuries to employees. But before taking any definite action in a case the insurance carrier must become a party of record: Bolden v. Greer et al., 257 Pa. 513, and see Chase v. Emery Manufacturing Co., 271 Pa. 265. Appellant was therefore properly made a party of record."

This is not a case in which two insurance carriers are responsible for the same payments. Here the whole evidence shows that the Glens Falls Indemnity Company was the insurance carrier in Pennsylvania for this employer and a different company was the insurance carrier for Maryland. There was nothing before the board but the Pennsylvania case and the Pennsylvania carrier, and, that carrier having intervened and hence made a party to the record, the award should have been made against it as well as the General Refining Company. This is what the referee did, and what the board did in effect when it made the award against the General Refining Company and its insurance carrier, for that carrier is acknowledged in the evidence to be the Glens Falls Indemnity Company. The award should have been made against it by name and not alone by designating it as the insurance carrier, and this we will do, as we do not thereby change or alter the award in any way but only clarify it. As is said in Levan v. Pottstown, Phoenixville Ry. Co. et al., supra, the policy makes the carrier primarily liable to the parties entitled to the award, and it is just as responsible as the employer. Under our compensation law the employer is required

to carry compensation insurance, except where specifically exempted, and when this is done the carrier is made primarily liable, particularly where he intervenes and is made a party defendant as in the instant case.

A case in point, with its facts very similar to the instant case, is Chase v. Emery Mfg. Co., 271 Pa. 265, 270, where it is said:

" 'Every adverse step taken was by the insurance company. The employer never denied liability or resisted an award. The insurance carrier is not formally on the record as a party, but it has conducted the controversy from the beginning. At the original hearing before the referee its adjuster appeared and took part in the proceedings. The insurance company filed the answer to the claimant's petition, made the defense, took the appeal from the award of the referee and contested the appeal taken to this court by both the claimant and employer. At no stage of the proceedings are we able to find the insurance carrier has, at any time, denied the authority of the proper tribunal to make award against the insurance carrier, and the specific errors alleged in the appeal from the action of the referee certainly raise no such question. Whether the language of the act be clear or not, this insurance company is in court by its voluntary act. It cannot hide behind the Emery Manufacturing Company, interpose a defense which that defendant did not and would not make and then claim to be a stranger to the record.' "

In that case the court modified the order of the referee as to the time the payments were to run, and while the order of the court was changed and modified by the Supreme Court the right in the court to modify an order of the compensation authorities is recognized. See also Wells v. Frutchey et al., 274 Pa. 305, and Anderson v. Baxter et al., 285 Pa. 443.

We will, therefore, modify the order of the Workmen's Compensation Board only by identifying the insurance carrier by name, dismiss the appeal and direct judg-

ment to be entered for the claimant against the General Refining Company, employer, and Glens Falls Indemnity Company, insurance carrier, for the amount of the award. All exceptions filed by the appellant will be overruled and the award affirmed.

Now, January 18, 1936, defendant's exceptions are overruled and the appeal is dismissed and the award of the compensation board is affirmed against the General Refining Company, employer, and the insurance carrier by name, Glens Falls Indemnity Company, and judgment is entered in favor of the claimant and against said General Refining Company and Glens Falls Indemnity Company, the defendants, in the total amount of $1,875, being the accrued and future instalments thereunder, to wit, $15 per week for a period of 125 weeks from December 11, 1934, the accrued compensation to bear interest at the rate of 6 percent per annum beginning December 25, 1934.

From Albert Strite, Chambersburg.