**TULSA RIG, REEL & MFG. CO. et al.**
**v. CASE et al.**

No. 26463.   March 10, 1936.

Butler & Brown, for petitioners.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for State Industrial Commission.

Stanley D. Belden, for claimant.

CORN, J. This is an original proceeding in this court by the employer and insurance carrier to review an award of the State Industrial Commission against them and in favor of Frank Case, employee, awarding compensation under the Workmen's Compensation Act for accidental personal injuries sustained by said employee.

The record discloses that the claimant was a common laborer in the employ of the Tulsa Rig, Reel & Manufacturing Company, and that while claimant and a fellow workman were carrying a heavy rig timber, the fellow workman dropped his end of the timber, the fall of which jerked and jarred claimant's right hand, fracturing the fourth metacarpal bone and bruising and straining the muscles and ligaments of that hand. The commission found temporary total disability from January 23, 1934, less the five-day waiting period, up to and including March 31, 1934, and 20 per cent. permanent partial loss of the use of said hand due to said injury.

Under the petitioners' first proposition they contend that the evidence offered by the claimant in support of his claim is not sufficient to give the Industrial Commission jurisdiction to make the award complained of, and under their second proposition they contend the commission erred as a matter of law in awarding the claimant compensation at the rate of $12.31 per week.

In support of their first proposition the petitioners contend that the record fails to show facts sufficient to give the commission jurisdiction to hear and determine the cause; that there is no evidence as to the nature or kind of work engaged in by the claimant at the time of alleged accidental injury; that there is no evidence to show whether the employer employed the requisite number of men to give the State Industrial Commission jurisdiction, or to show that the claimant

was engaged in a hazardous employment within the terms and meaning of the Workmen's Compensation Act at the time of the alleged injury.

The fact that the claimant was injured as above set out is not disputed. The record discloses that petitioners paid temporary total disability compensation for a few weeks after the injury was sustained, and on May 16, 1934, filed a motion with the commission to discontinue the payment of such compensation. It also appears that the claimant filed with the commission the ordinary form of claim setting forth the essential details of the case, and it further appears that neither the employer nor the insurance carrier raised any jurisdictional questions in the proceedings before the commission, and that none were at issue.

On numerous occasions this court has held that before a claimant is entitled to compensation under the Workmen's Compensation Act of the state of Oklahoma, it is necessary that he produce evidence sufficient to bring his employment within the terms of said act.

In the case of Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 P. 116, in the second paragraph of the syllabus we find the following statement:

"Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to strict proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect."

The above syllabus is quoted with approval by the court in the case of Moore and Gleason v. Taylor, 97 Okla. 193, 223 P. 611.

In the case of Veazey Drug Co v. Bruza, 109 Okla. 418, 37 P. (2d) 294, in the first three paragraphs of the syllabus by the court, we have the following language:

"Section 13349, O. S. 1931, enumerates and designates the classes of industries and business enterprises which come within the meaning and operation of the Workmen's Compensation Law.

"The State Industrial Commission is without jurisdiction to make an award of compensation under the terms of the Workmen's Compensation Law of this state, except in cases wherein it is made to appear that the employer is engaged in one of the classes of industries, plants, factories, lines, occupations, or trades mentioned in said act.

"When there is no dispute as to the facts, it is a question of law whether the employ-

ment is included in those enumerated in the Workmen's Compensation Law."

In the case of McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. (2d) 32, in the fourth paragraph of the syllabus we have this language:

"This court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact with relation thereto."

In the case of Coca Cola Bottling Co. v. Mowry, 167 Okla. 644, 31 P. (2d) 562, in the syllabus by the court we find:

"Where there is no evidence to support a material fact in issue before the State Industrial Commission it then becomes a question of law, which, being properly presented, will be determined by this court.

"In all cases appealed from the commission the court reviews the record to the extent of ascertaining whether, under the compensation act (Statutes of 1931, sec. 13348 et seq.) a legal liability is shown. Fidelity & Casualty Co. v. Baker, 162 Okla. 10, 18 P. (2d) 894."

In that case we find one F. W. Mowry, as claimant, filed with the State Industrial Commission a claim for compensation against the Coca Cola Bottling Company, respondent, and Royal Indemnity Company, insurance carrier, in which he alleges that he sustained an accidental personal injury arising out of and in the course of his employment with respondent on April 11, 1932, at which time he was aiding in the removal or installing of an ice box at the B. & M. Clothing Store. In moving said box he contends he hurt his shoulder. A hearing was had on this claim and an award was made in the claimant's favor, awarding him compensation at the rate of $9.61 per week, and the respondent appealed, alleging that there was no competent evidence to show that the claimant was in one of the hazardous employments defined in section 13349, O. S. 1931, and that if the claimant had any disability that it was the result of an occupational disease and not an accidental injury. The court, in its opinion, at page 563 of 167 Okla. Reports, states as follows:

"We have carefully examined the record and fail to find any competent evidence showing that the claimant at the time of the alleged injury was engaged in any of the employments defined in section 13349."

In Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. (2d) 519 (loc. cit. 28) it is stated:

"* * * Workmen's Compensation Law recognizes the facts that the same employer may conduct different departments of business, some of which fall within the act and some of which do not. * * *"

Quoting from Coca Cola Bottling Co. v. Mowry, supra, we find the following:

"In the case of Ferris v. Bonitz, 149 Okla. 129, 299 P. 473, we held that the employment must be connected with the business defined in section 13349. There is nothing in the record to show that the employment of the respondent Mowry in assisting other persons to load an ice box on a truck at the B & M Clothing Store was connected with or incident to the employer's business of manufacturing bottled drinks at its factory. Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to strict proof that he is within a class embraced in the provisions of the law, and nothing can be inferred or presumed in this respect. Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611. In the case of Rorabaugh-Brown Dry Goods Co. v. Matthews, 162 Okla. 283, 20 P. (2d) 141, we held that:

" 'In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283 (now 13349, O. S. 1931), as amended, supra.' * * *

"In the case of Tulsa Street Railway Co. v. Shoemaker, 106 Okla. 99, 233 P. 182, we held that:

" 'Under the Workmen's Compensation Law of this state * * * the burden rests on claimant to establish by competent evidence the accidental nature of the injury complained of, that it arose out of or in the course of employment, and that the disability relied on for compensation resulted primarily from such accidental injury. Where there is an entire absence of these essential evidentiary elements, this court must say, as a matter of law, that the evidence is insufficient to sustain an award of compensation.' "

It was the opinion of the court in that case that the evidence failed to show that the claimant's disability arose out of and in the course of a hazardous employment with the respondent within the terms and meaning of the Workmen's Compensation Act. In accordance with the opinions above quoted and the rules of law therein developed, it is the duty of this court to review the record, and as a matter of law determine whether there is any evidence to support the findings of the commission to the effect that the claimant sustained an accidental personal injury arising out of and in the course of hazardous employment with the petitioner.

We have examined the record with care, and are unable to find any evidence to show that the claimant's injury arose out of and in the course of a hazardous employment with the petitioner within the terms and meaning of the Workmen's Compensation Act.

Petitioners' second proposition, under which they contend that the commission erred as a matter of law in awarding the claimant compensation at the rate of $12.31 per week, is also well taken and should be sustained. We have searched the record in vain to find competent evidence to sustain the award. The record shows that the claimant worked only about two and a half months during the year immediately preceding his injury, and that at the time of his injury he was receiving $3.20 a day as wages. There is no other evidence in the record upon which to base the computation of the compensation so awarded. The statute prescribing the formula to be used in computing compensation is section 13355, O. S. 1931, which is as follows:

"Except as otherwise provided in this act, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or neighboring place shall have earned in such employment during the days when so employed.

"3. If either of the foregoing methods of arriving at the annual average earnings of the injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee

and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

"4. The average weekly wages of an employee shall be one fifty-second part of his average annual earnings. * * *"

Where the injured employee claiming compensation had not worked at the employment in which he was engaged at the time of the injury during substantially the whole of the year immediately preceding the injury, and there was offered no evidence as to the average wages or salary earned by an employee of the same class so working in the same or similar employment in the same or neighboring place, or other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, evidence as to the wages or salary received by such injured employee at the time of his injury, standing alone, was incompetent, and therefore it necessarily follows that there was no competent evidence before the commission upon which to base the computation of the compensation awarded.

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsupported material finding is unauthorized and will vacate the same." Milling Machinery, Jones-Hettelsater Construction Co. v. Thomas, 174 Okla. 483, 50 P. (2d) 395; Board of County Com'rs of Tulsa County v. Bilby, 174 Okla. 199, 50 P. (2d) 398.

Award vacated and cause remanded to the Industrial Commission for further proceedings not inconsistent with the views herein expressed.

RILEY, BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur. OSBORN, V. C. J., dissents. McNEILL, C. J., and WELCH, J., absent.